**GREATWAY CORPORATION and Shoppers World Co., Plaintiffs,**

v.

**GREAT WAY, INC. and Shoppers World, Inc., Defendants.**

No. 59-C-277.

United States District Court
E. D. Wisconsin.
Jan. 22, 1960.

Jack E. Dominik, Milwaukee, Wis., and Edward D. Cleveland, Milwaukee, Wis., for plaintiffs. Rosenthal & Schanfield, Chicago, Ill., of counsel.

Harry A. Kovenock, Milwaukee, Wis., for defendant Great Way, Inc.

M. J. Levin and Morris J. Hack, Milwaukee, Wis., for defendant Shoppers World, Inc.

GRUBB, District Judge.

Motion by plaintiffs for temporary injunction restraining the use of the names Great Way, Inc. and Shoppers World, Inc.

At the time of the hearing, plaintiffs' counsel moved that the application, insofar as Shoppers World, Inc., is concerned, be continued for a period of thirty days or longer. There being no objection, that application was continued and is not now before the court.

Plaintiff, Greatway Corporation, was incorporated in Illinois in 1955 and commenced business in March, 1956. Plaintiff, Shoppers World Co., was incorporated at the same time and was originally known as Greatway Shoppers World Company. Its name was changed to its present form on August 19, 1957. Shoppers World Co. is a wholly-owned subsidiary of Greatway Corporation.

Greatway Corporation "operates" five retail stores in the Chicago area, each store being directly operated by a wholly-owned corporate subsidiary. The stores have separate corporate entities and are variously named, but all of them are known to the consuming public simply as "Shoppers World." Four of these stores are in the greater Chicago area, and one is in Highland, Indiana. The first store was opened in 1956 and the fifth one in November, 1959.

All the stores are known as discount department stores. The merchandise is displayed on shelves, and no sales persons are present. They operate similar to supermarkets. The majority of the departments are operated by Greatway Corporation. A few of the departments are leased to outsiders. The combined dollar volume of the business of the stores has increased fivefold in three and a half years.

The store leases are in the name of Greatway Corporation. All bank loans are made to Greatway, all orders for merchandise and payments therefor are made by Greatway, and the suppliers receive checks imprinted with the name Greatway Corporation. The stores themselves do no buying nor do they have any established line of credit.

Greatway Corporation purchases from some 1,500 suppliers in twenty States. Its purchases from Wisconsin suppliers amounted to $15,000 during the past year. It usually has discounted its bills and in many cases has anticipated its bills. These facts are known to the trade in general. It is able to purchase large amounts of merchandise on credit, and its present credit line from banking sources is $225,000.

Greatway Corporation has advertised extensively in the Chicago area using the name "Shoppers World." Full-page advertisements frequently appear in the Chicago Tribune, Chicago Daily News, and the Lake County Shopper. Radio announcements advertising "Shoppers World" are broadcast over Radio Stations WIND and WCFL.

The evidence shows that Greatway Corporation intends to expand in Wisconsin and particularly to locate a store in or about Milwaukee.

The defendant, Great Way, Inc., was incorporated in June, 1959. Its capitalization amounts to $5,000. It has obtained bank loans guaranteed by Morris A. Silberman, the controlling stockholder, in the amount of $60,000. Its cash on hand as of December 30, 1959, amounted to approximately $25,000. It is in no way connected with the defendant, Shoppers World, Inc.

Defendant, Great Way, Inc., at present is engaged in the construction of a discount department store in Milwaukee, Wisconsin. It does not plan to operate the store itself. It intends to lease to or license individuals and corporations to run the various departments of the store. It is restricting its business to renting space and furnishing services to lessees or licensees. Each lessee or licensee is to purchase its merchandise in its own name and on its own credit.

Originally defendant, Great Way, Inc., intended to use a combination of the words "Great Way" and "Shoppers

World" in naming its department store. It has since indicated that it is willing to stipulate that it will not use the words "Shoppers World" in its title in the future. It has also indicated that it is willing to stipulate that it will not use the words "Great Way" except in connection with the location of the store itself and as a corporate name.

Since its incorporation, Great Way, Inc., has advertised to some extent for the purpose of obtaining lessees or licensees. At the present time a total of six licensees have been signed by the defendant, Great Way, Inc., to operate departments in the store. It has entered into contracts for the construction of two signs. One was to have been placed on the building itself, and the other was to have been located near an adjacent highway. The construction of both signs is being held in abeyance pending the outcome of this action.

Defendant, Great Way, Inc., learned of plaintiffs' objection to its planned use of the name in October, 1959. Mr. Silberman admits that he visited Shoppers World stores in the Chicago area and that at that time he made inquiries concerning the ownership of the stores. He denies any knowledge of the prior use of the name "Greatway Corporation" by the plaintiffs.

There is testimony that suppliers of the plaintiff, Greatway Corporation, have been confused by the advertisements placed by the defendant, Great Way, Inc. At least one supplier has written a letter to plaintiff, Greatway Corporation, congratulating it on its new store in Milwaukee after having read an advertisement in a Chicago newspaper on October 20, 1959.

■ Temporary injunctions are a drastic remedy and should not be entered unless there is a great probability that the plaintiff will prevail in the action and that irreparable harm will occur to the plaintiff if defendant is not enjoined. This is particularly true where the name is composed of generic words incapable of exclusive application by a party—words that are *publici juris*—without a strong showing that they have acquired a secondary meaning.

■ Defendant, Great Way, Inc., has stated through its counsel that it will not use its name in connection with the purchase of merchandise or in connection with credit for merchandise, at least pending the outcome of this action. The plaintiff, Greatway Corporation, does not use its name in the retail trade or in connection with the consuming public. The only present danger to the plaintiff, Greatway Corporation, is that suppliers and credit men may confuse the two names.

The showing made is not such as to convince the court to a reasonable probability that any irreparable harm will happen to the plaintiff, Greatway Corporation, if defendant, Great Way, Inc., is not restrained from using its name in the limited use to which it agrees to be put between now and the time of the final outcome of this action; namely, to restrict its use to the name of a location of a retail store or stores and in connection with retailing but not in connection with credit or purchasing.

■ The court will, therefore, enter a temporary injunction restraining the defendant, Great Way, Inc., from using the name Great Way, Inc., in connection with the purchase of merchandise or obtaining lines of credit for merchandise. It will also order that said defendant in its contracts, leases, and licenses prohibit its lessees and licensees from using the words "Great Way, Inc." in connection with the purchases of supplies or for the purpose of obtaining credit directly or indirectly for the purchase of merchandise.

Counsel for plaintiff, Greatway Corporation, are directed to prepare proposed findings of fact, conclusions of law, and order for temporary injunction in conformity with this decision, submitting the same to counsel for the defendant, Great Way, Inc., for approval as to form only.