Solomon SALZHANDLER, Plaintiff,

v.

Louis CAPUTO, as President, or Martin Rarback, as Secretary-Treasurer of District Council 9 of New York City, Brotherhood of Painters, Decorators, and Paperhangers of America, and Isadore Webman, individually and as President, or Sam Goldstein, as Treasurer of Local Union 442, Brotherhood of Painters, Decorators and Paperhangers of America, Defendants.

United States District Court
S. D. New York.
Aug. 3, 1961.

Burton H. Hall, New York City, for plaintiff.

Ashe & Rifkin, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

Plaintiff Salzhandler is a member and was financial secretary of Local Union 442 of the Brotherhood of Painters, Decorators and Paperhangers of America.

District Council 9 of the Brotherhood is composed of some twenty unions, including Local 442. The defendants are officers of District Council 9 and Local 442.

Salzhandler brings this action to enjoin alleged violations of the equal rights and freedom of speech and assembly provisions of the Labor-Management Reporting and Disclosure Act of 1959, § 101(a) (1), (2), and (5), [29 U.S.C. § 411(a) (1), (2), and (5) ], and for damages alleged to result from such violations. Jurisdiction is based on §§ 102 and 609 of the Act [29 U.S.C. §§ 412 and 529].

Salzhandler now moves for a preliminary injunction restraining defendants from: (a) carrying out or attempting to carry out the decision of a Union Trial Board of April 4, 1961 which barred him from participating in Union affairs for a five year period; (b) interfering with or preventing plaintiff from nominating candidates, voting in elections, attending meetings, and participating in Union deliberations; and (c) interfering with the functions and salary of plaintiff as financial secretary of Local 442.

The salient facts in this controversy, which resulted from internal union discord, are as follows:

During the summer of 1960 Salzhandler prepared a leaflet attacking defendant Webman, the president and business agent of Local 442. Among other things, the leaflet accused Webman of having "performed the cheapest petty act ever", of having proved himself "unworthy of any trust" and of being a "petty robber". It was distributed to the officers of the Brotherhood and of District Council 9 and to the general membership of Local 442.

Salzhandler claims he also filed intra-union charges against Webman based on the accusations in the leaflet but that they were ignored. However, no copy of the alleged charges has been attached to the moving papers and defendants contend that no such charges were ever filed.

In December of 1960 Webman, alleging that certain of the statements contained in the leaflet violated provisions of the Brotherhood Constitution by "untruthfully accusing an officer of the union of the crime of larceny", filed intra-union charges against Salzhandler. Defendant Caputo, president of District Council 9, appointed a five-man Trial Board which held a hearing on these charges. Salzhandler received what appears to be proper notice of the hearing, appeared and participated, and was represented by counsel who was a union member.

On April 4, 1961 the Trial Board handed down a written decision finding Salzhandler guilty of the charges. It barred him, for a period of five years, from participating in the affairs of Local 442 and all other locals affiliated with the Brotherhood or Council, and from attending meetings, voting, or being a candidate for office. In all other respects Salzhandler's rights and obligations as a member of the Union were continued and his insurance and other union benefits were not stopped.

In its "Report on Charges", the Trial Board found that Salzhandler's circulation of the "unsupported accusations" in the leaflet constituted " 'conduct unbecoming a member or officer' in violation of § 267(5) [of the Brotherhood Constitution] ; 'acts detrimental to' the 'interests of the Brotherhood,' contrary to § 267(6) ; 'libeling, slandering, or in any other manner abusing fellow members (or) officers of local unions', contrary to § 267(10) ; and 'acts and conduct * * inconsistent with the duties, obligations and fealty of a member, officer or subordinate body of this Brotherhood', contrary to § 267(16)."

Salzhandler has, as a result, been barred from his office as financial secretary of Local 442 and from participating in and voting at union meetings. There are charges and countercharges of physical violence in an affray at one of the subsequent meetings of the Local and these are presently pending in the Magistrates' Court.

On April 12, 1961 Salzhandler filed a notice of appeal to the General Executive

Board from the decision of the Trial Board pursuant to the Brotherhood Constitution, and filed a further appeal on April 28. These appeals have not yet been decided. Thus, Salzhandler has not yet exhausted his internal union remedies.

§ 101(a) (4) of the Labor-Management Reporting & Disclosure Act of 1959 [29 U.S.C. § 411(a) (4) ] provides that a member "may be required to exhaust reasonable hearing procedures (but not to exceed a four-month lapse of time) within such organization, before instituting legal or administrative proceedings."

The Court of Appeals of this circuit has recently taken "due account of the declared policy favoring self-regulation by unions", but has held that there is an exception to that policy, "where the internal union remedy is uncertain and has not been specifically brought to the attention of the disciplined party, the violation of federal law clear and undisputed, and the injury to the union member immediate and difficult to compensate by means of a subsequent money award." Detroy v. American Guild of Variety Artists, 2 Cir., 286 F.2d 75, 81.

That exception is clearly not applicable here. Salzhandler was fully aware of the available remedies under the Union Constitution and has taken the appeal from the decision of the Trial Board provided therein. That appeal is presently pending.

The violation of federal law is far from clear and undisputed. It is doubtful whether the Act has been violated in view of the limitations written into Section 101(a) (1) and (2) of the Act. These limitations make the equal rights provision "subject to reasonable rules and regulations" in the Union Constitution and by-laws and provide that nothing in the freedom of speech and assembly provision "shall be construed to impair the right of a labor organization to adopt and enforce reasonable rules as to the responsibility of every member toward the organization as an institution and to his refraining from conduct that would interfere with its performance of its legal or contractual obligations."

Salzhandler has not shown that the hearing before the Trial Board was conducted unfairly or that he was denied any rights given him by the Union Constitution. He received due notice of the hearing, appeared with counsel and was afforded a full opportunity to be heard. His contention that the Trial Board as constituted lacks jurisdiction is the same as that rejected by Judge Levet in Rosen v. District Council No. 9 of New York City, et al., D.C., 198 F.Supp. 46, 49.

The attack on Webman which plaintiff circulated was plainly in violation of Section 267(10) of the Union Constitution forbidding "libeling, slandering, or in any other manner abusing fellow members (or) officers of local unions" unless its truth was established. It cannot be said that such a provision in the Union Constitution was unreasonable on its face. The Trial Board found Salzhandler had failed to establish the truth of his accusations. The record of the hearing before the Board is not before me. But as Judge Levet pointed out in the Rosen case:

"It is not for this court to reexamine the evidence in order to see whether it would have arrived at the same conclusion as did the Trial Board."

In short, plaintiff has not shown that there is a reasonable probability that he will ultimately succeed in this action. Such a showing is required in order to justify preliminary injunctive relief. Gillette Co. v. Ed Pinaud, Inc., D.C.S.D. N.Y., 178 F.Supp. 618, 623; Nadya Inc. v. Majestic Metal Specialties, D.C.S.D. N.Y., 127 F.Supp. 467; Greatway Corp. v. Great Way, Inc., D.C.E.D.Wisc., 179 F.Supp. 774, 776.

Finally, plaintiff waited for some two and one-half months after the decision of the Trial Board before he brought on this motion. In the meantime his appeal has been pending before the Executive Board of the Brotherhood and should shortly be decided by that Board. Plain-

tiff as not shown that any injury he might suffer in the interim could not be compensated for in damages. There does not appear to be any need here for immediate injunctive relief. See Gillette Co. v. Ed Pinaud, Inc., supra; Richard J. Spitz, Inc. v. Dill, D.C.S.D.N.Y., 140 F.Supp. 947, 949.

In my view this is a case where plaintiff should be required to exhaust his internal union remedies in accordance with the declared policy of Congress and not one in which an exception to that policy should be allowed.

Plaintiff has not shown that he is entitled to preliminary injunctive relief. Such a drastic remedy is inappropriate to the present posture of this case.

The motion for a preliminary injunction is therefore in all respects denied.

It is so ordered.