James **BYRNE**, individually and as President of the New York Newspaper Printing Pressmen's Union No. 2, AFL–CIO and John L. McFadden, individually and as Secretary-Treasurer of New York Newspaper Printing Pressmen's Union No. 2, AFL–CIO, Plaintiffs,

v.

The **PUBLISHERS' ASSOCIATION OF NEW YORK CITY**, News Syndicate Company, Inc., Journal American, Hearst Consolidated Publications, Inc., Long Island Star Journal Newspaper Enterprises, Inc., New York World Telegram Corporation, Defendants.

United States District Court
S. D. New York.

Oct. 5, 1965.

Harold & Mozer, New York City, for Plaintiffs. Robert J. Mozer, New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for Defendants. John R. Schoemer, Jr., John D. Canoni, New York City, of counsel.

LEVET, District Judge.

On this motion the plaintiffs seek a preliminary injunction—which the plaintiffs euphemistically call a stay ancillary to arbitration restraining the defendants, their officers, agents and employees from anyway breaching a collective bargaining agreement that exists between them. Specifically, it is alleged that the defendants threatened to breach the "no strike—no lockout" clause in the collective bargaining agreement and have breached that clause since September 16, 1965.

The facts in this labor dispute may be summarized briefly. On September 9 or 10, 1965, John Gaherin, President of the Publishers' Association of New York City, telephoned James Byrne, President of the New York Newspaper Printing Pressmen's Union, Number 2, and informed him that the members of the Association had voted to support the New York Times if the Newspaper Guild, another newspaper union, struck the Times and thus precluded the Times from publication. Mr. Byrne on September 13, 1965 then moved for a Joint Conference Committee meeting and/or arbitration under the collective bargaining agreement by sending notice to the Publishers' Association and its members. That request was refused.

The Union then turned to the courts and brought an action in the Supreme Court of the State of New York, County of New York, seeking an injunction against the defendants. That action was removed to this court and remand was later denied. (See opinion filed September 30, 1965, 246 F.Supp. 293. The present motion is made in that action now pending in this court.

At 8:00 A.M. on September 16, 1965, the Newspaper Guild struck the New York Times and placed picket lines in front of its plants. Members of the plaintiff union who were then at work at the Times walked off their jobs after the picket lines were activated. Members of some other unions, specifically the Paper Handlers and the Electricians, however, continued to work at the Times

and finished their respective shifts. No employees from any union who were not at work at the time the picket lines went up crossed the lines.

At the other newspapers which are members of the Publishers' Association work continued as usual until 6:00 P.M. on September 16, 1965. At that time, in accordance with a decision of the Publishers' Association, the New York Herald-Tribune, the New York Journal-American, the News, the New York World Telegram and Sun, and the Long Island Star Journal ceased publication. Members of the plaintiff union and other employees who reported for work at those papers after 6:00 P.M. were told that there was no work available and that their compensation had ceased. Subsequently, on September 25, 1965, the New York Herald-Tribune quit the Publishers' Association and resumed publication with the issue of September 26, 1965. No other paper has resumed publication as of October 4, 1965. Further, on September 29, 1965, the plaintiff union again demanded arbitration, seeking back wages and an affirmative award.

At the hearing of this motion several applications were made and granted in order to clarify the parties defendant to this action. The action was discontinued by consent as to the New York Times Company, dismissed as to the Long Island Daily Press Publishing Corporation since that newspaper never ceased publication, and dismissed as to the New York Herald-Tribune, Inc. since that newspaper has resumed publication.

■■■ As to the defendants who remain, the preliminary injunction which is sought against them must be denied. A preliminary injunction is an extraordinary remedy. It is granted only upon a clear showing that the party seeking the injunction is likely to prevail at trial, and where the court finds that the complaining party will suffer irreparable injury for which damages will not compensate. Salzhandler v. Caputo, 199 F.Supp. 554 (S.D.N.Y.1961); Ambassador East v. Shelton Corners, Inc., 120 F.Supp. 551 (S.D.N.Y.1954). Further, a party must enter into equity with clean hands and cannot obtain specific performance of contract duties unless he has performed the duties which the contract imposes on him. Byers v. Fuller, 58 F.Supp. 570 (E.D.Ky.1945); Bayview Gen. Hosp. v. Associated Hosp. Serv. of New York, 45 Misc.2d 218 (Sup.Ct. N.Y.Co. 1964).

In the instant action, members of the plaintiff union walked off their jobs after the Newspaper Guild placed picket lines in front of the plants of the New York Times. This itself was a violation of the "no strike—no lockout" clause of the collective bargaining agreement which is sought to be enforced. Also, the plaintiff union has not shown that irreparable harm will occur if the injunction does not issue since money damages will compensate for any lost employment. Thus, even on traditional equity grounds the plaintiff has not made out his case.

■■■ Notwithstanding the foregoing reasons, injunctive relief is precluded because of Section 20 of the Clayton Act, 29 U.S.C. § 52, and the Norris-LaGuardia Act, 29 U.S.C. §§ 101–115. An order compelling resumption of publication is prohibited by Section 20 of the Clayton Act, Clune v. Publishers' Ass'n. of New York City, 214 F.Supp. 520 (S.D.N.Y. 1963), aff'd per curiam, 314 F.2d 343 (2nd Cir. 1963), and the plaintiffs have not made a showing that the conditions exist which Section 7 of the Norris-LaGuardia Act requires before an injunction may be granted in a labor dispute.

Plaintiffs' motion for a preliminary injunction is denied.

So ordered.