Jeffery R. OLSON et al., Plaintiffs,

v.

Richard L. SYLVESTER, County Clerk of Waukesha County, and Waukesha County Board of Supervisors, Defendants.

No. 71–C–681.

United States District Court,
E. D. Wisconsin.

Dec. 28, 1971.

Kessler & Kessler, Milwaukee, Wis., for plaintiffs.

Willis J. Zick, Corporation Counsel, Waukesha County, Waukesha, Wis., for defendants.

## DECISION

MYRON L. GORDON, District Judge.

The plaintiffs have moved for a preliminary injunction which would bar the defendants from publishing a notice of election for the office of county board of supervisors of Waukesha county on the ground that the apportionment plan of Waukesha county is constitutionally invalid. It has been stipulated that the present plan contains a deviation of 22.95% between the high and the low districts of Waukesha county.

■ In my opinion the variance of 22.95% is so great that the plaintiffs' motion must be granted; at the hearing held in connection with this motion, the defendants failed to persuade me that such variance is justified. See Kirkpatrick v. Preisler, 394 U.S. 526, 89 S.Ct. 1225, 22 L.Ed.2d 519 (1968).

■ The defendants have referred to the good faith efforts of the county board committee which considered the problem of reapportioning the supervisory districts. Even though that committee met on a number of occasions, I doubt that the plan adopted by the county board accomplishes the substantial equality required by the U. S. Constitution. The defendants have also referred to the desirability of preserving district boundaries, but this does not legitimatize the excessive mathematical inequality which is found in the present plan. See Reynolds vs. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964).

I believe that there is a substantial probability that the plaintiffs will prevail in this action and adopt here the standard announced in Greatway Corp. v. Great Way, Inc., 179 F.Supp. 774, 776 (E.D.Wis.1960), where the court said:

"Temporary injunctions are a drastic remedy and should not be entered unless there is a great probability that the plaintiff will prevail in the action and that irreparable harm will occur to the plaintiff if defendant is not enjoined."

Upon the facts presented in this matter I conclude that the plaintiffs are entitled to the preliminary injunction which they have sought.