**SIERRA DRAWN STEEL CORP. v. GREGORY et al.**

**Civ. A. No. 15572.**

United States District Court

S. D. California, Central Division.

Aug. 31, 1953.

**546**

Mackay, McGregor, Reynolds & Bennion, A. Calder Mackay, Adam Y. Bennion and Stafford R. Grady, Los Angeles, Cal., for plaintiff.

Walter S. Binns, Laughlin E. Waters, U. S. Attys., Clyde C. Downing, Asst. U. S. Atty., and Draper W. Phillips, Acting U. S. Atty., Los Angeles, Cal., Jeter S. Ray, Chief Counsel, and Irving Schiller, Acting Asst. Chief Counsel, Office of Salary Stabilization, Washington, D. C., and Ruldof Sobernheim, Asst. Chief Counsel, New York City, for defendant.

Before STEPHENS, Circuit Judge, and MATHES and JAMES M. CARTER, District Judges.

PER CURIAM.

This cause having come before the court for hearing on [1] plaintiff's motion for a preliminary injunction, and [2] defendants' motion to dismiss; and the motions having been argued and submitted for decision; and it appearing to the court:

■ (a) that this court has original jurisdiction over the subject matter of this action [28 U.S.C. § 1331] wherein plaintiff seeks an interlocutory and permanent injunction restraining enforcement of certain provisions of the Defense Production Act of 1950, 64 Stat. 798, as amended in 1952 by 66 Stat. 296, 50 U.S.C.A.Appendix, § 2061 et seq., and of certain regulations and orders issued under claimed authority of the salary stabilization provisions of the Act, 50 U. S.C.A.Appendix, §§ 2102–2109; and in the exercise of such jurisdiction this court is authorized "to determine the constitutional validity" and to restrain the operation of the Act, cf. Yakus v. United States, 1944, 321 U.S. 414, 419, 430, 64 S.Ct. 660, 670, 88 L.Ed. 834; Bowles v. Willingham, 1944, 321 U.S. 503, 511–512, note 7, 64 S.Ct. 641, 88 L. Ed. 892, and those regulations and orders issued thereunder relating to salary controls, 50 U.S.C.A.Appendix, § 2108(c, b, d); 2 U.S.Code Cong.Serv.1950, p. 3653; 2 U.S.Code Cong.Serv.1952, p. 1848; cf. Yakus v. United States, supra, 321 U.S. at pages 427–431, 437, 443, 64 S.Ct. 660, 88 L.Ed. 834; Lockerty v. Phillips, 1942, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339, if found repugnant to the Constitution of the United States, 28 U.S.C. § 2282;

■ (b) that plaintiff "denies in good faith that it has violated the Defense Production Act of 1950, as amended, or any regulation or order issued pursuant thereto"; yet claims exemption from "the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638; see Aircraft & Diesel Equip. Corp. v. Hirsch, 1947, 331 U.S. 752, 767, 67 S.Ct. 1493, 91 L.Ed. 1796; Macauley v. Waterman S. S. Corp., 1946, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839; cf. Eccles v. Peoples Bank, 1948, 333 U.S. 426, 434, 68 S.Ct. 641, 92 L.Ed. 784;

■ (c) that "It is always the duty of a court of equity to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief. Especially where governmental action is involved, courts should not intervene unless the need for equitable relief is clear, not remote or speculative." Eccles v. Peoples Bank, supra, 333 U.S. at page 431, 68 S.Ct. at page 644, 92 L.Ed. 784;

■ (d) that in the absence of any administrative proceedings, this court cannot assume that the administrative agency "would fail in the performance of any duty imposed * * * by the Constitution and laws of the United States * * *." Yakus v. United States, supra, 321 U.S. at page 434, 64 S.Ct. at page 672, 88 L.Ed. 834; so "it will be time enough for [plaintiff] to seek the aid of a court of equity when [it] shall have fully availed [itself] of this administrative remedy, and the commission shall have taken adverse action." United States v. Illinois Central R. Co., 1934, 291 U.S. 457, 463–464, 54 S.Ct. 471, 474, 78 L.Ed. 909;

■ (e) that "the necessity to expend for the investigation or to take the risk for noncompliance does not justify the injunction * * * is not the sort of irreparable injury against which equity protects." Petroleum Exploration Inc. v. Pub. Serv. Comm., 1938, 304 U.S. 209, 220–221, 58 S.Ct. 834, 840, 82 L.Ed. 1294; cf. Myers v. Bethelehem Shipbuilding Corp., supra, 303 U.S. at pages 51–52, 58 S.Ct. 459, 82 L.Ed. 638; Beal v. Missouri Pac. R. Co., 1941, 312 U.S. 45, 49–50, 61 S.Ct. 418, 85 L.Ed. 577;

■ (f) that in all events plaintiff has "a full, adequate and completely available remedy at law", see Aircraft &

Diesel Equip. Corp. v. Hirsch, supra, 331 U.S. at pages 774–781, 67 S.Ct. at page 1507, 91 L.Ed. 1796; Coffman v. Breeze Corps., 1945, 323 U.S. 316, 322–323, 65 S. Ct. 298, 89 L.Ed. 264; Fed. Trade Comm. v. Claire Furnace Co., 1927, 274 U.S. 160, 174–175, 47 S.Ct. 553, 71 L.Ed. 978; Dalton Adding Mach. Co. v. State Corp. Comm. of Virginia, 1915, 236 U.S. 699, 701, 35 S.Ct. 480, 59 L.Ed. 797; cf. Cruickshank v. Bidwell, 1900, 176 U.S. 73, 81–82, 20 S.Ct. 280, 44 L.Ed. 377, in the federal courts, Petroleum Expl. Inc. v. Pub. Serv. Comm., supra, 304 U.S. at page 217, 58 S.Ct. 834, 82 L.Ed. 1294; cf. Hynes v. Grimes Packing Co., 1949, 337 U.S. 86, 98–99, 69 S.Ct. 968, 93 L.Ed. 1231; and

(g) that since plaintiff has failed, for the reasons mentioned, to state a claim within the equitable jurisdiction of the court, Matthews v. Rodgers, 1932, 284 U.S. 521, 524–525, 52 S.Ct. 217, 76 L.Ed. 447; Twist v. Prairie Oil & Gas Co., 1927, 274 U.S. 684, 689–691, 47 S.Ct. 755, 71 L.Ed. 1297, "and the defect in the bill is incapable of remedy by amendment, its dismissal should be directed." Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. at pages 52–53, 58 S.Ct. at page 465, 82 L.Ed. 638; Mast, Foos & Co. v. Stover Mfg. Co., 1900, 177 U.S. 485, 494–495, 20 S.Ct. 708, 44 L.Ed. 856.

It is now ordered:

(1) that plaintiff's motion for a preliminary injunction be denied;

(2) that the temporary restraining order, issued June 1, 1953, and now in effect, be and is hereby dissolved;

(3) that the action be dismissed for want of equity jurisdiction; and

(4) that this dismissal shall not operate as an adjudication upon the merits, Fed.Rules Civ.Proc. rule 41(b), 28 U.S. C.A., and the judgment of dismissal shall so provide.

It is further ordered that solicitors for defendants submit for approval pursuant to local rule 7 within ten days proposed findings of fact, conclusions of law and judgment as provided by Fed.R.Civ.P. 52(a).

It is further ordered that the Clerk this day serve copies of this order by United States mail on the solicitors for the parties appearing in this cause.