Thomas H. FLAHERTY, Robert D. Koch, George Jiminez, Matthew W. Yerkey, Joseph M. Luksich, James Elliott, and William Youngblood, Members of Local Union 2869, United Steelworkers of America, AFL–CIO, Plaintiffs,

v.

David J. McDONALD, individually and as President of the International Union, United Steelworkers of America, AFL–CIO; I. W. Abel, individually and as Secretary-Treasurer of the International Union, United Steelworkers of America, AFL–CIO; Charles J. Smith, individually and as officer and representative of the International Union, United Steelworkers of America, AFL–CIO; Harold A. Rasmussen, individually and as representative of the International Union, United Steelworkers of America, AFL–CIO; Keith Geisert, individually and as representative of the International Union, United Steelworkers of America, AFL–CIO; the International Union, United Steelworkers of America, AFL–CIO, Defendants.

No. 1331–59.

United States District Court
S. D. California,
Central Division.

Jan. 5, 1960.

Judgment of Dismissal Feb. 5, 1960.

**302**

Tony Geram, Fontana, Cal., for plaintiff.

Arnold, Smith & Schwartz, George L. Arnold, Los Angeles, Cal., for defendant.

MATHES, District Judge.

It appearing to the Court that:

(1) the claims asserted in plaintiffs' complaint are grounded upon the alleged wrongful imposition of a trusteeship by the defendants upon Local 2869 of the International Union, United Steel Workers of America, AFL-CIO (hereinafter referred to as "Local 2869"), and the removal pursuant to said trusteeship of certain of the plaintiffs from offices held by them in said Local Union prior to expiration of their prescribed terms;

(2) plaintiffs' complaint alleges the following to be fact:

(a) that plaintiffs are all officers and/or members in good standing in Local 2869, that plaintiffs and all other members of Local 2869 are employed by Kaiser Steel Corporation at Fontana, California, and that defendants are officers and/or agents of the International Union, United Steel Workers of America, AFL-CIO (hereinafter referred to

as the "International Union"), and the International Union, itself;

(b) that Local 2869 is a labor organization within the meaning of § 3(i) of the Labor-Management Reporting and Disclosure Act of 1959 [Pub.L.No. 86–257, 86th Cong., 1st Sess. (Sept. 14, 1959)], hereinafter referred to as the "1959 Labor Act" [29 U.S.C.A. § 401 et seq.], that Local 2869 is engaged in an industry affecting commerce within the meaning of § 3(c) of the 1959 Labor Act, and that Local 2869 is certified as bargaining representative of the employees of Kaiser Steel Corporation by the National Labor Relations Board [see: 29 U.S.C.A. § 159];

(c) that on October 8, 1958, plaintiffs were removed from control and management of Local 2869 by defendants, that Local 2869 was placed under a trusteeship, an agent of defendant International Union having been appointed as trustee, and that the imposition of said trusteeship was in violation of the constitution of the International Union;

(d) that no charges or complaints have been made against plaintiffs by defendants and that the reason for the removal of plaintiffs was that they were members of the "Dues Protest Committee", which was seeking reforms so as to allow a vote of all members before dues could be increased;

(e) that in the latter part of 1958, delegates appointed by the Trustee under the trusteeship were sent to the State AFL-CIO convention to represent Local 2869 and said delegates voted as representatives of Local 2869;

(f) that under said trusteeship funds of Local 2869 are being expended without an accounting to the members and that defendants are planning to hold an election for offices in Local 2869 from which plaintiffs will be barred as candidates;

(3) diversity of citizenship is not alleged [28 U.S.C. § 1332] and the equity jurisdiction of this Court is invoked under certain provisions of the 1959 Labor Act;

(4) the provisions relied upon in Title I of the 1959 Labor Act are as follows:

"Sec. 101. (a) (1) Equal Rights.— Every member of a labor organization shall have equal rights and privileges within such organization to nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

"Sec. 102. Any person whose rights secured by the provisions of this title have been infringed by any violation of this title may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

(5) § 101(a) (1) does not specifically create a right to challenge removal from office pursuant to a trusteeship or to be a candidate, and that since Titles III and IV of the 1959 Labor Act deal with trusteeships and elections, respectively, in detail, this Court has no jurisdiction over the subject matter of plaintiff's claim by virtue of the provisions of Title I of the 1959 Labor Act;

(6) the provisions relied upon in Title III of the 1959 Labor Act are as follows:

"Sec. 302. Trusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body * * *.

"Sec. 303 (a) During any period when a subordinate body of a labor organization is in trusteeship, it shall be unlawful (1) to count the vote of delegates from such body in any convention or election of officers of the labor organization unless the delegates have been chosen by secret ballot in an election in which all the members in good standing of such subordinate body were eligible to participate * * *.

"Sec. 304. (a) Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this title (except section 301) the Secretary shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. Any member or subordinate body of a labor organization affected by any violation of this title (except section 301) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate.

"Sec. 304. (b) For the purpose of actions under this section, district courts of the United States shall be deemed to have jurisdiction of a labor organization (1) in the district in which the principal office of such labor organization is located, or (2) in any district in which its duly authorized officers or agents are engaged in conducting the affairs of the trusteeship."

(7) although plaintiffs' complaint sets forth a cause of action under §§ 302, 303(a)(1), 304(a) and 304(b) of the 1959 Labor Act, the defendants' acts, which form the basis of the complaint, took place nearly a year before September 14, 1959, the effective date of Title III of the 1959 Labor Act [see Bureau

of National Affairs, the Labor Reform Law, 5 (1959)];

■ (8) since the 1959 Labor Act created substantive rights and did not merely create a new forum in which existing rights could be protected, Title III of the 1959 Labor Act should not be applied retroactively [cf. MacKay v. Loew's, Inc., 9 Cir., 1950, 182 F.2d 170, 171, 18 A.L.R.2d 348, certiorari denied 1950, 340 U.S. 828, 71 S.Ct. 65, 95 L. Ed. 608; Schatte v. International Alliance of Theatrical Stage Employees, 9 Cir., 1950, 182 F.2d 158, 164, certiorari denied 1950, 340 U.S. 827, 71 S.Ct. 64, 95 L.Ed. 608; Wilson & Co. v. United Packinghouse Workers of America, D.C. S.D.N.Y.1949, 83 F.Supp. 162, 165; Colonial Hardwood Flooring Co. v. International Union United Furniture Workers of America, D.C.W.D.Md.1948, 76 F. Supp. 493, 496];

(9) inasmuch as the 1959 Labor Act cannot be applied to acts which took place before its enactment, this Court can have no jurisdiction over the subject matter of plaintiffs' complaint under Title III of the 1959 Labor Act;

■ (10) absent diversity of citizenship [28 U.S.C. § 1332], this Court can have no jurisdiction over the subject matter of a claim by local officers for loss of office, control and management of a local union by the wrongful imposition and administration of a trusteeship by the international union and its officers and agents, since such a claim does not arise "under the Constitution, laws or treaties of the United States" [28 U.S.C. §§ 1331, 1338(b)].

It is ordered that the plaintiffs' complaint filed December 23, 1959, is hereby dismissed for lack of jurisdiction over the subject matter with leave to amend. [Fed.R.Civ.P. 12(b)(1) and 15(a), 28 U.S.C.A.]

It is further ordered that this dismissal shall not operate as an adjudication upon the merits. [Fed.R.Civ.P. 41(b).]

It is further ordered that the Clerk this day serve copies of this order by United States mail upon the attorneys for the parties appearing in this cause.

### Judgment of Dismissal

On motion to dismiss.

Plaintiffs having served and filed an amended complaint; and defendants having presented a motion to dismiss this action for lack of jurisdiction over the subject matter pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure; and it appearing to the Court that:

(1) plaintiffs' amended complaint filed January 25, 1960, contains substantially the same allegations as are set forth in plaintiffs' complaint filed December 23, 1959; and also the following additional allegations that:

(a) since the effective date of the Labor-Management Reporting and Disclosure Act of 1959 [Pub.Law No. 86–257, 86th Cong., 1st Sess. (September 14, 1959)], defendants have administered the trusteeship imposed by them for the purpose of eliminating the control and leadership of plaintiffs in Local Union 2869, United Steelworkers of America, AFL-CIO, hereinafter "Local 2869", because plaintiffs are members of a reform group within Local 2869 known as the "Dues Protest" Committee;

(b) defendants have filed a report pursuant to § 301(a) of the Labor-Management Reporting and Disclosure Act of 1959 [Pub.L.No. 86–257, 86th Cong., 1st Sess. (Sept. 14, 1959)], hereinafter, the "1959 Labor Act", and the reason given in the report for the imposition of the trusteeship, namely, the preservation of the "integrity of the Union", is not a purpose for which a trusteeship may be imposed under § 302 of the 1959 Labor Act;

(c) in administering the trusteeship since September 14, 1959, defendants have not held regular monthly meetings of Local 2869, as required by the constitution of the International Union, United Steelworkers of America, AFL-CIO, hereinafter the "union constitution";

(d) in administering the trusteeship since September 14, 1959, defendants have made no audit of the finances of Local 2869 for presentation to the membership, as required by the union constitution, and have expended the funds of Local 2869 in violation of the union constitution;

(e) in October of 1959 defendant trustees approved and ratified a collective bargaining agreement with the Kaiser Steel Corporation in violation of the union constitution;

(3) diversity of citizenship is not alleged [28 U.S.C. § 1332], and the equity jurisdiction of this Court is again invoked under the 1959 Labor Act, and more particularly § 304(a) of that Act, which provides:

"Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this title [in this case § 302] the Secretary [of Labor] shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. Any member or subordinate body of a labor organization affected by any violation of this title * * * may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate."

(4) since § 304(a) provides both an administrative and a judicial remedy for violations of Title III of the 1959 Labor Act, in order to determine whether the remedies follow one another in sequence or are concurrent, this Court must first look for guidance to the principle that a Federal court has only the jurisdiction which the Congress has expressly conferred upon it [U.S.Const. art. III; see Lockerty v. Phillips, 1943, 319 U.S. 182, 187–188, 63 S.Ct. 1019, 87 L.Ed. 1339], and next to its duty as "a court of equity to strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief" [Eccles v. Peoples Bank, 1947, 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L.Ed. 784; see: Allen v. Grand Central Aircraft Co., 1954, 347 U.S. 535, 540, 74 S.Ct. 745, 98 L.Ed. 933; Petroleum Exploration v. Public Service Commission, 1938, 304 U.S. 209, 218–219, 58 S.Ct. 834, 82 L.Ed. 1294; and Sierra Drawn Steel Corp. v. Gregory, D.C.S.D. Cal.1953, 115 F.Supp. 545, 547], and finally to the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted" [Myers v. Bethlehem Shipbuilding Corp., 1938, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638; see: Macauley v. Waterman Steamship Corp., 1946, 327 U.S. 540, 543–544, 66 S.Ct. 712, 90 L.Ed. 839; Gorham Mfg. Co. v. State Tax Commission, 1924, 266 U.S. 265, 269–270, 45 S.Ct. 80, 69 L.Ed. 279; and Sierra Drawn Steel Corp. v. Gregory, supra, 115 F.Supp. at page 547; see also 3 Davis, Administrative Law Treatise §§ 20.01, 20.03 (1958)];

(5) the language of § 304(a) in providing that "[a]ny member * * * affected by any violation of [Title III]" may bring suit must lead to the logical supposition that a violation must have been determined to exist before suit may be brought, and the only procedure for determination of such violation is provided for also in § 304(a) by filing a complaint with the Secretary of Labor, who may then investigate the alleged violation and bring suit if he has "probable cause to believe that such violation has occurred" [see S.Rep.No.187, 86th Cong., 1st Sess. (1959) quoted in U.S.Code Cong. & Admin.News, 86th Cong., 1st Sess. at p. 2335 (1959); but see H.R. Rep.No.741, 86th Cong., 1st Sess. (1959)

quoted in U.S.Code Cong. & Admin. News, 86th Cong., 1st Sess. at pp. 2437–2438, 2463, 3135 (1959)];

 (6) since "[t]he very purpose of providing either an exclusive or an initial and preliminary administrative determination is to secure the administrative judgment either, in the one case, in substitution for judicial decision or, in the other, as foundation for or perchance to make unnecessary later judicial proceedings" [Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 775, 67 S.Ct. 1493, 1500, 91 L.Ed. 1796], and since it cannot be assumed that the Secretary of Labor "would fail in the performance of any duty imposed * * by the Constitution and laws of the United States" [Yakus v. United States, 1944, 321 U.S. 414, 434, 64 S.Ct. 660, 672, 88 L.Ed. 834], but on the contrary will perform his duties as required by § 304(a) of the 1959 Labor Act, it follows that plaintiffs have not exhausted the administrative remedies provided for in § 304 (a) of the 1959 Labor Act [see: Aircraft & Diesel Equipment Corp. v. Hirsch, supra, 331 U.S. at pages 777–781, 67 S. Ct. at pages 1505–1507; Macauley v. Waterman Steamship Corp., supra, 327 U.S. at pages 543–544, 66 S.Ct. at pages 713–714; Myers v. Bethlehem Shipbuilding Corp., supra, 303 U.S. at pages 50–51, 58 S.Ct. at pages 463–464; and Gorham Mfg. Co. v. State Tax Commission, supra, 266 U.S. at pages 269–270, 45 S. Ct. at page 81], and it will therefore be time enough to seek the aid of a court of equity when those remedies have been exhausted [United States v. Illinois Central Ry. Co., 1934, 291 U.S. 457, 463–464, 54 S.Ct. 471, 78 L.Ed. 909];

(7) from what has been said above, it follows that this Court can have no jurisdiction over the subject matter of this case at this time [Fed.R.Civ.P. 12(b) (1)] under § 304(a) of the 1959 Labor Act;

 (8) absent diversity of citizenship [28 U.S.C. § 1332], under the facts alleged at bar this Court can have no jurisdiction over the subject matter of

this claim by local union officers of wrongful administration by the international union and its officers and agents of a trusteeship imposed upon the local union, since the claim asserted does not arise "under the Constitution, laws or treaties of the United States" [28 U.S.C. §§ 1331, 1338(b)];

(9) therefore, defendants' motion to dismiss is well taken upon the grounds and for the reasons set forth in the order of dismissal entered upon the original complaint on January 5, 1960, and upon the grounds and for the reasons set forth above as to the amended complaint.

It is now ordered, adjudged and decreed that this action be and is hereby dismissed for lack of jurisdiction over the subject matter, with costs to the defendants.

It is further ordered that this dismissal shall not operate as an adjudication upon the merits. [Fed.R.Civ.P. 41(b).]

It is further ordered that the Clerk this day serve copies of this judgment of dismissal by United States mail upon the attorneys for the parties appearing in this cause.