PALISADES LODGE NO. 173, BROTHERHOOD OF RAILWAY AND STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYES, Plaintiff,

v.

BROTHERHOOD OF RAILWAY AND, STEAMSHIP CLERKS, FREIGHT HANDLERS, EXPRESS AND STATION EMPLOYES, and H. D. Ulrich, individually, and as the person designated as Supervisor of Lodge No. 173, Brotherhood of Railway and Steamship Clerks, Freight Handlers, Express and Station Employes, Defendants.

United States District Court
S. D. New York.

Dec. 9, 1960.

I. Philip Sipser, New York City, for plaintiff, Richard A. Weinmann, New York City, of counsel.

Francis R. Curry, New York City, Edward J. Hickey, Jr., James L. Highsaw, Jr., Washington, D. C., for defendants.

McGOHEY, District Judge.

The court's jurisdiction herein is invoked under Title III of the Labor-Management Reporting and Disclosure Act of 1959 [1] (hereafter "the Act"). The plaintiff moved for a preliminary injunction to restrain the defendants and their agents "from imposing supervision over" the plaintiff and "from interfering with the lawful and proper actions of the officers and membership of" the plaintiff.

The complaint which seeks a permanent injunction and other extensive relief, including counsel fees, alleges that George M. Harrison, Grand President of the Brotherhood of which the plaintiff is a part, has appointed a "supervisor" of the plaintiff in violation of the Brotherhood's constitution and that this constitutes a violation of the Act.

█ Initially, the defendants challenge the court's jurisdiction on two grounds. The first is that the Act requires the plaintiff to exhaust the administrative remedies therein provided, before seeking aid of the District Court.[2] The second is that even if the first ground is unsound, since this plaintiff has in

fact, as alleged, already filed a complaint with the Department of Labor, the court should not now take jurisdiction over the same complaint. The latter contention seems not to have been passed on by any Federal court. However, it certainly seems to have substance, for it is difficult to believe Congress intended that aggrieved parties could pursue administrative and judicial remedies simultaneously. Certainly rational and efficient judicial administration would seem to require that if the complainant has, in fact, filed a complaint with the Board prior to this suit, this should be deemed an election to proceed administratively. The point, however, is not, and indeed cannot be, decided on the papers before me, because the plaintiff denies that it has filed a complaint with the Board. The issue thus raised requires a trial.

There are, moreover, additional issues of fact which cannot be resolved on the voluminous affidavits submitted. The question whether the defendants acted in violation of the Brotherhood's constitution depends in part at least on the conditions existing in Local No. 173 which, the defendants contend, not only justified but indeed compelled the appointment of a supervisor. This court cannot resolve that issue on these affidavits. And certainly a court should not undertake to pass on the serious charges against the defendants except after a full trial where the credibility of witnesses can be assessed.

█ While the present officers of the plaintiff local may be annoyed, they have not been removed from office and the allegations of irreparable damage to the plaintiff local or even to the individual officers seem not sustained by the affidavits. It certainly cannot now be said that the plaintiff will likely succeed on a trial. In these circumstances it is well settled that a preliminary injunc-

---

1. 29 U.S.C.A. §§ 461–466.

2. Two district court cases have so held: Flaherty v. McDonald, D.C.S.D.Cal.1960, 183 F.Supp. 300; and Rizzo v. Ammond, D.C.N.J.1960, 182 F.Supp. 456. A third district court has held to the contrary: Executive Board, Local Union No. 28, I. B. E. W. v. International Brotherhood of Electrical Workers, D.C.Md.1960, 184 F.Supp. 649.

tion which would grant almost all the relief the plaintiff could secure after trial, should be denied.[3]

The motion is denied.

So Ordered.

---

3. Speedry Products, Inc. v. Dri Mark Products, Inc., 2 Cir., 271 F.2d 646, 648; Foundry Services v. Beneflux Corp., 2 Cir., 206 F.2d 214, 216.