**Hubert K. GAMMON, Plaintiff,**

v.

**INTERNATIONAL ASSOCIATION OF MACHINISTS et al., Defendants.**

**Civ. A. No. 7728.**

United States District Court
N. D. Georgia,
Atlanta Division.

Nov. 16, 1961.

**434**

Louis D. Yancey, Jr., Atlanta, Ga., for plaintiff.

Adair, Goldthwaite & Stanford, Atlanta, Ga., for defendants.

MORGAN, District Judge.

Complainant Hubert K. Gammon brings this petition under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. § 401 et seq.) naming as defendants International Association of Machinists; Local 1970 of the International Association of Machinists; Local Lodge No. 709 International Association of Machinists; and District 33, International Association of Machinists, a district lodge of International Association of Machinists; all defendants being unincorporated labor unions.

Complainant alleges that he became a member of International Association of Machinists in 1951, and that with the exception of approximately six months in the years 1954 and 1955, complainant has been a member in good standing of Local Lodge 1970 of the International Association of Machinists.

Complainant further alleges that on September 9, 1961, at a regularly called meeting of Local Lodge No. 709 of the International Association of Machinists, the meeting being called for the purpose of accepting nominations for the first permanent officers of said Lodge No. 709, a newly created local organization within the framework of the International Association of Machinists, complainant's name was duly and legally placed in nomination for the office of President of Local Lodge No. 709 of the International Association of Machinists.

Complainant alleges that he did then and there accept said nomination, but that on the 18th day of September, 1961, complainant received, at a box provided by the International Association of Machinists on the premises of Lockheed Aircraft Corporation, a copy of "The Organizer", an official publication of Local Lodge No. 709 of the International Association of Machinists, which publication set forth a list of nominees for permanent officers of said Lodge 709, and that complainant's name was not included in the list as having been duly nominated for the office of President of Local Lodge No. 709.

Complainant alleges further that no notice of said election was given, as required by 29 U.S.C.A. § 481(e); that on the 6th day of March, 1961, certain charges were filed against complainant with the President of Local Lodge No. 1970, International Association of Machinists, and that the charges set forth against complainant were not true; that even if said charges had been true, the charges would not have been sufficient to constitute grounds for disciplinary action against complainant for the reason that said charges consisted of complaints against the expression of opinion on the part of complainant, which complainant is given the right by law to express under 29 U.S.C.A. § 411(a) (2), and for the further reason that said charges alleged a violation of Article K of the Constitution of International Association of Machinists, and that said Article K of the Constitution of International Association of Machinists is null and void, being contrary to the law of the United States as set forth in 29 U.S.C.A. § 411(a) (1) and (2).

Complainant further alleges that, under the Constitution of the International Association of Machinists, a trial committee was appointed to hear said charges against complainant, and they were, in fact, heard on March 23 to March 30, 1961; that two members of said trial

committee filed a majority report proposing that complainant be found guilty of the charges against him, and recommended a suspension of a temporary nature and a fine; that one member of the trial committee filed a report recommending that complainant be found not guilty; that, thereafter, the majority report and minority report of the trial committee was submitted to the members of Local Lodge No. 1970, International Association of Machinists, and that the members of said Local Lodge 1970 voted on said charges with a majority favoring the minority report.

The complainant further alleges that on May 24, 1961, T. T. Henderson gave notice of his appeal from the decision of Local Lodge 1970 to the President of the International Association of Machinists, and on August 7, 1961, the President of International Association of Machinists made his findings which reversed the vote of the members of Local Lodge 1970, International Association of Machinists, and reinstated the recommendation of the trial committee as to the fine, and penalized the complainant Gammon by restricting him from holding any office of positional trust in any branch of the International Association of Machinists for a period of two years.

Complainant alleges that on September 5, 1961 he filed his appeal to the Executive Council of the International Association of Machinists, and that said appeal is now pending and that no decision has been made thereon.

Complainant alleges that, even though he had been guilty of all the charges propounded against him, under the Constitution of the International Association of Machinists or under the provisions of law, complainant would not be ineligible to hold an office in said local lodge, and that the findings of the International President of the International Association of Machinists are without foundation in law and are contrary to the provisions of the Constitution of said Association.

Complainant alleges that the proposed election of officers scheduled for September 21, 1961, is proceeding illegally in that no properly written notice of said election has been mailed as provided by 29 U.S.C.A. § 481(e); that complainant, having been duly nominated as a candidate, has been unlawfully and illegally deprived of the right to have his name placed on the ballot; that none of the charges against complainant which have been instituted would, under the provisions of the Constitution of said Association, be sufficient to disqualify complainant from holding office; that the action of the local union in proposing an election of officers without including complainant's name violates the rights given to complainant by virtue of the provisions of 29 U.S.C.A. § 411(a) (1) and (2); and that the findings of the International President of the International Association of Machinists is not a final determination of the issue, complainant having filed his appeal from said ruling; and that the attempt to conduct an election without the inclusion of the name of complainant would be to deprive complainant of the rights given him by law, and that unless the election of the local union is enjoined and restrained, complainant will be irreparably injured and damaged.

Complainant prays that this Court enter a declaratory judgment to the effect that the findings of the International President of the International Association of Machinists are illegal and void as being contrary to the Constitution of the International Association of Machinists, and prays that the election scheduled for September 21, 1961, be restrained and enjoined.

The United States District Court granted a temporary restraining order as prayed for by the complainant on September 20, 1961, and, thereafter, said restraining order was amended, requiring complainant to post a bond with good security in a sum of not less than $7,500 to cover damages that might be suffered by defendants because of said restraining order. The restraining order was vacated and set aside until such bond ordered by the Court should be filed, and com-

plainant failed to post said bond as required by the order.

The defendants filed a motion to dismiss on the following grounds:

1. That the complaint fails to allege a cause of action upon which this Court has jurisdiction; and

2. That the complaint fails to state a cause of action against any defendant, separately and severally, upon which relief can be granted.

This complaint is brought under the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. § 401 et seq.). Complainant seeks two types of relief which are:

1. For a declaratory judgment that the disciplinary disqualification of the complainant, after trial, from holding any office or position of trust in the Union for a period of two years, is invalid because it was based upon improper grounds; and

2. For an injunction against an election in which complainant's name was omitted from the list of candidates.

The complaint is brought because of the omission of complainant's name from the list of candidates for the office of President of Local Lodge 709 on the ballot which was used in the election held on September 21, 1961.

The real issue in the case, therefore, is whether or not the election was valid; and the question of whether complainant's disciplinary disqualification from holding office for two years was valid is secondary. If no election had been held for two years, then the disciplinary disqualification could have caused the complainant no damage. The question of the validity of the election, which is the sole factor alleged to have caused the complainant damage, is, therefore, the paramount consideration, and is the only primary issue before the Court.

Complainant bases his entire case upon the Labor-Management Reporting and

Disclosure Act of 1959 (29 U.S.C.A. §§ 411(a) (1) and 411(a) (2).) These two provisions are contained in Title I of the Labor-Management Reporting and Disclosure Act..

Section 411(a) (1), 29 U.S.C.A., provides for equal protection of the rights of every member to have equal rights to vote, attend meetings, and participate in deliberations.

Section 411(a) (2), 29 U.S.C.A., protects freedom of assembly and freedom of speech in Union meetings.

Neither of these two sections, which are expressly relied upon by complainant, protects or guarantees the right of any member of the Union to be a candidate for an office in the Union. In fact, nothing in the "Bill of Rights" (29 U.S.C.A. §§ 411–415) contained in Title I, protects a right to be a candidate. Byrd v. Archer, 60 ALC 109; Flaherty v. McDonald, 183 F.Supp. 300.

Consequently, no federal question is shown under Title I of which this Court has jurisdiction.

However, complainant also relies upon Section 481(e), 29 U.S.C.A. in which it is stated:

"  *   *   * every member in good standing shall be eligible to be a candidate and to hold office (subject to section 504 of this title and  *  * reasonable qualifications uniformly imposed.) " [1]

This Section is contained in Title IV of the Labor-Management Reporting and Disclosure Act of 1959 with regard to "Elections" (Secs. 481–483, 29 U.S.C.A.) and that Title provides an administrative remedy which requires a member of a labor organization who wishes to challenge an election to:

1. Attempt to find redress under the remedies available under the Constitution and By-Laws of the Union for a period of not less than three months after such internal

---

1. Section 504 (29 U.S.C.A. § 504) disqualifies persons who are members of the Communist Party and who have committed certain felonies and crimes of violence from eligibility to be a candidate for election to Union office.

remedies are invoked, following which the member may

2. File a complaint with the Secretary of Labor who shall investigate the complaint, and if the Secretary of Labor finds a violation, he is authorized to bring a civil action against the labor organization in the United States District Court. While the Secretary of Labor is investigating, the "challenged election shall be presumed valid pending a final decision thereon". (29 U.S.C.A. § 482)

If the Court finds, in such an action brought by the Secretary of Labor that 29 U.S.C.A. § 481, relied upon by complainant, has been violated, and that such violation may have affected the outcome of an election, it may order a new election to be held under the supervision of the Secretary of Labor (29 U.S.C.A. § 482(c)).

Thus, a specific administrative procedure and remedy to determine whether or not complainant was a member "in good standing" and whether the disqualification imposed upon him comes under the category of "reasonable qualifications uniformly imposed" (29 U.S.C.A. § 481(e)) is provided by Title IV; and, if a violation has occurred, this procedure provides for complete redress, including setting aside the old election and holding a new one.

Section 403 of the Act (29 U.S.C.A. § 483) provides that:

"The remedy provided by this title (Title IV) (29 U.S.C.A., Secs. 481–483) for challenging an already conducted election shall be exclusive."

Attached to the motion of defendants is an affidavit of the Chairman of the Elections Committee of Local Lodge 709 to the effect that the election has already been conducted and the newly elected officers installed. The affidavit further sets out that complainant has not filed any complaint or objection of any character alleging the invalidity of the election. The filing of such internal procedures and the adherence to the administrative remedy provided, in which the Secretary of Labor, and not a private party, is given standing to file suit in the District Court to challenge a Union election, is the exclusive procedure provided by law, and the failure to follow this procedure makes this proceeding fatally defective. Byrd v. Archer, Flaherty v. McDonald, cited supra.

It may be contended by the complainant that, since this action was filed prior to the election, rather than after the election, the procedure provided in Section 403 (29 U.S.C.A. § 483) is not exclusive. However, the election has already been conducted due to the failure of the complainant to file a bond required by the Court as a condition precedent to the issuance of an injunction, so that there is now no occasion for injunctive relief. The only question remaining is that of the validity of the election already conducted, as to which an exclusive remedy was established by Section 403 (29 U.S.C.A. § 483).

■ This Court, in the exercise of its discretion, should not issue a declaratory judgment upon a subject for which an administrative remedy is provided. A number of District Courts have decided, in well-reasoned decisions, that District Courts do not have jurisdiction to entertain a suit at the instance of a private complainant either before or after the election, since an adequate administrative remedy is provided in which full and complete relief is available at the instance of the Secretary of Labor. Thus, no irreparable injury can be shown by a private complainant. Flaherty v. McDonald, Byrd v. Archer, cited supra.

■ Since a specific administrative remedy is provided by the Labor-Management Reporting and Disclosure Act of 1959 for determining the validity of Union elections, this Court is without jurisdiction over the subject matter of this action, and the complaint should be dismissed under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

In view of the above ruling, the Court deems it unnecessary to consider defendant's motion under Rule 12(b) (6) of the Federal Rules of Civil Procedure.

It is so ordered.