Nicholas MAMULA, Plaintiff,

v.

LOCAL 1211, UNITED STEELWORKERS OF AMERICA, and Louis E. Biega, Acting President, Louis DeSena, Financial Secretary, Michael J. Zahorsky, Recording Secretary, Dominick Iacabucci, Treasurer and United Steelworkers of America, an unincorporated association, Defendants.

Civ. A. No. 62–383.

United States District Court
W. D. Pennsylvania.

May 31, 1962.

See also 205 F.Supp. 915.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Craig Kuhn, of Wilner, Wilner & Kuhn, Pittsburgh, Pa., David E. Feller, Washington, D. C., Ernest G. Nassar, Pittsburgh, Pa., for defendants.

MARSH, District Judge.

The plaintiff, Nicholas Mamula, filed a complaint and motion for preliminary injunction and temporary restraining order to enjoin defendants from interfering with plaintiff's right to be a candidate for office of President of Local 1211 of the United Steelworkers of America. Notice was given to defendants who filed answers in opposition and moved to dismiss the complaint.

The case involves the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. It raises questions of the scope of Title I, 29 U.S.C.A. §§ 411–415, and the jurisdiction of the court under Title IV, 29 U.S.C.A. §§ 481–483.

On May 17, 1962, the plaintiff, a longtime member of Local 1211, was nominated for President of the Local and accepted the nomination.

The defendants have determined that plaintiff is ineligible to hold office and refuse to include his name on the official ballot.

The election is scheduled for June 19, 1962.

In 1961, pursuant to charges submitted by a local Union official charging plaintiff with misconduct as an officer and member of the Union, he was fined and suspended from membership. Plaintiff appealed to the International Executive Board which reversed the fine and suspension but ruled, inter alia, that the plaintiff be barred from holding office in the Union for five years.

Plaintiff at Civil Action No. 61–531, 202 F.Supp. 348, brought a suit in this court challenging the validity of his Union's disciplinary action against him. Cf. 29 U.S.C.A. § 411(a) (5). That action is pending before Chief Judge Gourley.

The defendants move to dismiss because (1) the court lacks jurisdiction, (2) the complaint fails to state a cause

of action, and (3) plaintiff has failed to exhaust his remedies within the Union. The evidence also discloses that the judicial remedy he has sought at Civil Action No. 61–531 to set aside the Union's disciplinary action is pending and undetermined.

Title I of the Act, which includes the "Bill of Rights", does not protect plaintiff's right to run for office in a union election. Title IV, 29 U.S.C.A. § 481(e), seems to protect that right. However, § 482 provides a procedure whereby a member may file a complaint with the Secretary of Labor who, if he finds probable cause, may file a complaint in the district court. I cannot find any provision in Title IV which gives a district court jurisdiction over the suit of a private plaintiff concerning the right to run for union office.

I conclude that this court lacks jurisdiction to grant the relief requested under Title I, and unless plaintiff obtains relief in his judicial action at Civil Action No. 61–531 or from remedies within his Union, he must seek the remedy as prescribed in Title IV.

It seems certain that district courts do not have jurisdiction to pass upon the validity of an election at the instance of a private complainant before or after the election, "since an adequate administrative remedy is provided in which full and complete relief is available at the instance of the Secretary of Labor. Thus, no irreparable injury can be shown by a private complainant." Gammon v. International Association of Machinists, 199 F.Supp. 433, 437 (N.D.Ga.1961); see also, Acevedo v. Bookbinders and Machine Operators Local No. 25, 196 F. Supp. 308 (S.D.N.Y.1961); Johnson v. San Diego Waiters and Bartenders Union Local 500, 190 F.Supp. 444 (S.D.Cal. 1961); Rarick v. United Steelworkers of America, 190 F.Supp. 158 (W.D.Pa. 1960).

Plaintiff's counsel argued that under 29 U.S.C.A. § 483 plaintiff's existing rights and remedies to enforce the constitution and by-laws of a labor or-

ganization with respect to elections *prior* to the conduct thereof shall not be affected by the provisions of Title IV. In this regard, it is sufficient to point out that there is no diversity of citizenship between the plaintiff and the defendants to give this federal court jurisdiction over those "existing rights and remedies" whatever they may be. Cf. Flaherty v. McDonald, 183 F.Supp. 300 (S.D.Cal. 1960).

An appropriate order will be entered denying the plaintiff's motion for preliminary injunction and temporary restraining order and granting the defendants' motion to dismiss the complaint.