Nicholas MAMULA, Plaintiff,

v.

**LOCAL 1211, UNITED STEELWORKERS OF AMERICA, and Louis E. Biega, Vice President, Louis DeSena, Financial Secretary, Michael J. Zahorsky, Recording Secretary, and Dominic Iacabucci, Treasurer, and United Steelworkers of America, an International Union, Defendants.**

Civ. A. No. 61–531.

United States District Court
W. D. Pennsylvania.

June 12, 1962.

**916**

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Wilner, Wilner & Kuhn, Pittsburgh, Pa., Ernest G. Nassar, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

In this proceeding arising under the provisions of the Landrum-Griffin Act,

defendants' motion for summary judgment relates solely to the jurisdiction of this Court under Title I, § 101(a) (5), 29 U.S.C.A. § 411(a) (5).

■ The following question is posed:

In an action under the Landrum-Griffin Act, does the United States District Court have jurisdiction under Title I, Section 101(a) (5), 29 U.S.C.A. § 411(a) (5), of said Act to review allegedly improper disciplinary action taken against a local union officer in which said disciplinary action the national and local union remove the officer from his elected local union office based on allegedly improper conduct in office, and as part of the penalty provided the officer would not be eligible to hold office in either the national or local union for a period of five years from the date of removal? [1]

■ As a corollary to said question and subsidiary thereto, the further question is presented as to whether or not a District Court has jurisdiction under Title I of the Landrum-Griffin Act to review a union ban on a member holding any office in said union on a local or national level without prior recourse to the Secretary of Labor pursuant to Title IV, Sec. 402, of the Landrum-Griffin Act, 29 U.S.C.A. § 482.

In both instances the answer is no.

This Circuit has categorically ruled, and counsel in behalf of both parties are not in dispute as to the interpretation of this ruling, that under Title I of the Act a candidate for office has no standing to appear in Federal Court in advance of an election to secure relief through the

1. Prior to July 20, 1961, plaintiff was the President of Local Union 1211 of United Steelworkers of America. On February 16, 1961, charges were levied against the plaintiff by a local union officer and member of the union. A trial committee, after hearing the charges, recommended that plaintiff be removed from office, fined $2,-000.00, and suspended from membership in the union until the fine was paid. The recommendations were ratified by a membership meeting of the local union on July

20, 1961. After the plaintiff had filed an appeal with the National Executive Board on August 14, 1961, local 1211 scheduled an election to fill the vacancy created by the removal of the plaintiff from his office. On January 10, 1962, the International Executive Board reversed the suspension and remitted the fine, and barred plaintiff from holding office for five years subject to reduction upon certain specified conditions.

medium of the United States District Court and that his sole remedy, if he finds that any rights have been denied him, is under Title IV of the Act by way of appeal to the Secretary of Labor. Mamula v. United Steelworkers of America, United States Court of Appeals for the Third Circuit, 304 F.2d 108.

In addition, my associate, The Honorable Rabe F. Marsh, by opinion of May 31, 1962, 205 F.Supp. 913, concluded that Title I of the Landrum-Griffin Act does not protect a union member's right to run for office in a union election, but that such relief lies in Title IV necessitating a procedure whereby a member may file a complaint with the Secretary of Labor, Title IV, 29 U.S.C.A. § 482.

In its opinion of February 15, 1962, 202 F.Supp. 348, this Court entertained some doubt as to whether the procedural safeguards established by the Landrum-Griffin Act as prerequisites to disciplining of members had application to a local union officer who had been removed from office and subjected to specified disciplinary action including suspension from holding office for a period of five years. In this connection, after more reflected judgment, I am constrained to conclude that the imposition of the disciplinary condition that the plaintiff not be eligible to seek union office is part and parcel of the discipline meted out to him in his capacity as an officer of the local union and is clearly beyond the purview of Title I of the Act which only confers jurisdiction upon this Court in the event of an illegal disciplining of a member as a member, as distinguished from an officer.

Even assuming, however, that I were in error in concluding that the suspension condition relates to the disciplining of the plaintiff in his capacity as a union officer on the thesis that once the plaintiff was removed from office, the ban against his future candidacy was a restriction on him as a member, I am further impelled to conclude that a union member's right, as distinguished from an officer, to seek union office is not a right protected by Title I. A perusal of Title I satisfies the Court that nowhere among the rights enumerated therein is the right to be a candidate found.

As this Circuit has stated in Mamula v. United Steelworkers of America, Supra, Title I guarantees union members an equal opportunity to vote while Title IV describes the procedures that are to be followed in nominating and electing union officers. It also, just as clearly, describes the remedies available to a union member where these procedures are not followed.

Section 402 of the Act, 29 U.S.C.A. § 482, is the exclusive source of jurisdiction to grant relief for violation of rights enumerated in Title I of the Act. This section confers standing to sue exclusively upon the Secretary of Labor after a complaint is filed with him by a member who has met the requirements of the Act. It is then his prerogative to institute such proceeding only after scrutiny of the complaint and a finding of probable cause that a violation of the Act has occurred. Colpo v. Highway Truck Drivers, 201 F.Supp. 307; Gammon v. Iam, D.C., 199 F.Supp. 433; Jackson v. Martin Company, D.C., 180 F.Supp. 475; Flaherty v. McDonald, D. C., 183 F.Supp. 300.

An appropriate order is entered.

### ORDER

AND NOW, THIS 12th day of June, 1962, motion of Local 1211, United Steelworkers of America and Louis E. Biega, Vice President, Louis DeSena, Financial Secretary, Michael J. Zahorsky, Recording Secretary, Dominic Iacabucci, Treasurer, and United Steelworkers of America, an International Union, for summary judgment as it relates to jurisdiction of the United States District Court to review the action of defendants in disqualifying Nicholas Mamula, plaintiff, from holding office for a period of five years from the date of his removal will be and hereby is granted.

FINALLY IT IS ORDERED that any inconsistency with this order contained in the opinion of this Court of February 15, 1962, will be and hereby is vacated.