**Wilbur FOGLE, Nicholas Popovich, Joseph Mandity, Jr., Joseph Belas, Jr., and Julian Rusenko, individually and on behalf of 2600 persons similarly situated, Plaintiffs,**

v.

**UNITED STEELWORKERS OF AMERICA and Local 1211, United Steelworkers of America, Defendants.**

Civ. A. No. 64-384.

United States District Court
W. D. Pennsylvania.

May 22, 1964.

Harry Alan Sherman, Ernest G. Nassar, Pittsburgh, Pa., for plaintiffs.

Wilner, Wilner & Kuhn, Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This civil action came before this Court on defendants' Motion To Dismiss The Complaint and on plaintiffs' Motion For Temporary Restraining Order and Preliminary Injunction. Counsel have been heard at oral argument, and the briefs have been considered.

This Court is of the opinion that the Motion To Dismiss must be granted on the ground that the complaint fails to state a claim upon which relief can be granted. The plaintiffs are five members of Local 1211 asserting that they bring this action as a class action individually and on behalf of 2600 other persons similarly situated, all members of Local 1211 of the United Steelworkers of America. Plaintiffs invoked the jurisdiction of the Court under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C.A. § 401 et seq.

The gravamen of the complaint is that they seek to nominate and vote for one Nicholas Mamula as president of the defendant local union. They assert that he has been disciplined and barred from office by the International Union for a period of five years. They assert the proceedings against Mamula were arbitrary, illegal, unconstitutional, and contrary to the rights of Mamula as an officer and member of the union. It is noted that Mr. Mamula was before this Court in three prior cases: Mamula v. United Steelworkers of America, 304 F. 2d 108 (3 Cir.1962); Mamula v. Local 1211, United Steelworkers of America, 205 F.Supp. 913 (D.C.1962); and Mamula v. Local 1211, United Steelworkers of America, 205 F.Supp. 915 (D.C.1962).

The complaint recites also that he has been before the Common Pleas Court of Allegheny County, Pennsylvania, which case in turn was heard by the Supreme Court of Pennsylvania.

This Court does not see that plaintiffs are entitled to any relief because all of them are in the same situation or category. The five plaintiffs and all the other members of Local 1211 are unable to vote for Mr. Mamula as president of that Local because he has been disciplined by the action of the United Steelworkers of America through its various bodies. The defendants' International Executive Board in January 1962, determined that Nicholas Mamula may not run for office in the Union until 1966. For the determination of this controversy, this Court assumes the validity of that discipline. It is the view of this Court that the statement contained in the last paragraph of the brief of counsel for the defendant is a clear and concise statement of the law which applies here:

> "Thus it is clear that plaintiffs have no more right than Mamula himself to contest the propriety of his disqualification in a private suit under Title I. Plaintiffs will be afforded rights to nominate and vote in the forthcoming election equal to those of every other member of the Union, and that is all Title I guarantees them. If the LMRDA provides a procedure to contest the propriety of Mamula's disqualification, that procedure is in Title IV, and requires the filing of a complaint with the Secretary of Labor. Neither plaintiffs nor Mamula have invoked that procedure."

### ORDER

And now, May 22, 1964, for the reasons mentioned in the foregoing opinion and also for the reasons stated orally from the Bench at the conclusion of the argument, the motion for temporary restraining order and preliminary injunction is denied, and this civil action is dismissed.