**LOCAL 115, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, et al., Plaintiffs,**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA et al., Defendants.**

**Civ. No. 11122.**

United States District Court
D. Connecticut.

Oct. 25, 1965.

Daniel D. McDonald, of Coles, O'Connell & Dolan, Bridgeport, Conn., for plaintiffs.

Norman Zolot, Hamden, Conn., for defendants.

TIMBERS, Chief Judge.

## MEMORANDUM ORDER ON DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION

Defendants having moved, pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P., that this action "be dismissed since the complaint fails to state a cause of action over which this court has jurisdiction"; and

Following the granting of an ex parte temporary restraining order on October 5, 1965 on plaintiffs' motion and the extending of the temporary restraining order in open Court for a further ten day period on October 15, 1965 by consent of the parties, the Court having heard argument of counsel upon the issue of the jurisdiction of the Court over the subject matter of the action, having received and considered the complaint, plaintiffs' motions for temporary restraining order and preliminary injunction, plaintiffs' affidavits in support of said motions, defendants' motion to dismiss, an exhibit and briefs of the parties; and

The Court having found the following facts which are not disputed for purposes of the instant motion raising the issue of the jurisdiction of the Court over the subject matter of the action:

(1) Plaintiffs are a local union (Local 115, United Brotherhood Of Carpenters And Joiners Of America) and four individual members of the local union.

(2) Defendants are the parent union (United Brotherhood Of Carpenters And Joiners Of America) and Frances B. Barry, a general representative of the parent union in Fairfield County, Connecticut.

(3) All parties are subject to the Constitution and Laws of the United Brotherhood Of Carpenters And Joiners Of America, as amended January 1, 1963 (Exhibit A on Defendants' Motion To Dismiss), pursuant to which the following proceedings have taken place relating to the election of officers and delegates of the local union.

(4) June 29, 1965, the individual plaintiffs were elected as officers of the local union and as its delegates to the Bridgeport District Council.

(5) July 1, 1965, six members of the local union, who were defeated for various offices at the June 29, 1965 election, filed a protest with the president of the parent union complaining regarding the conduct of the election.

(6) August 11, 1965, the parent union notified the local union that the protest had been sustained and ordered that a new election of officers and delegates of the local union be conducted under the supervision of Barry as general representative of the parent union.

(7) Reasons given by the parent union for sustaining the protest and declaring the June 29, 1965 election to be void were:

(a) Confusing manner in which ballots were printed, being at variance with ballots used in previous elections.

(b) Listing candidates on ballots in non-alphabetical order, being at variance with previous practice.

(c) Action of some candidates for office in acting as tellers, passing out ballots and checking members for eligibility to vote.

(8) Within the time allowed, the local union and individual plaintiffs appealed to the General Executive Board of the parent union from the president's decision sustaining the protest regarding the June

29, 1965 election and ordering a new election.

(9) Notwithstanding the appeal, Barry directed the local union to hold a new election on October 12, 1965.

(10) September 14, 1965, the local union voted to defer holding a new election until after a final decision on plaintiffs' appeals to the General Executive Board.

(11) No further date has been fixed for the holding of a new election.

(12) Section 31B of the Constitution and Laws, relating to nomination and election of officers of a local union, provides, in relevant part:

"All officers shall serve for a term of not less than two years, nor more than four years, when and where permitted, *or until their successors are elected, qualified and installed. * * *"* (emphasis added).

(13) October 5, 1965, plaintiffs filed their complaint in this Court seeking a temporary and permanent injunction enjoining defendants from conducting a new election of officers and delegates of the local union on October 12, 1965 or at any time prior to the next regularly scheduled election; plaintiffs allege that the actions of defendants in voiding the election of June 29, 1965 and ordering a new election violate the Constitution and Laws of the parent union, are based on inadequate and improper grounds, and violate the statutory rights of the individual plaintiffs to hold union office without being compelled again to run for election before their appeals to the General Executive Board have been determined.

(14) Plaintiffs invoke the jurisdiction of this Court pursuant to Section 102 of Title I of the Labor-Management Reporting and Disclosure Act (the Act), 29 U.S.C. § 412, claiming that rights of the individual plaintiffs to hold union office as guaranteed by Section 101 of Title I of the Act, 29 U.S.C. § 411, have been violated and that plaintiff local union has been directed by defendant parent union to aid, abet and assist in denying the individual plaintiffs their rights; and

 The Court being of the opinion that defendants' motion to dismiss should be granted on the ground that the Court lacks jurisdiction over the subject matter of the action, for the reasons:

(i) The claimed rights of the individual plaintiffs to hold union office (assuming, contrary to the present record, such rights were established) are not among the rights guaranteed by Section 101 of Title I of the Act, 29 U.S.C. § 411.

(ii) The claimed immunity of plaintiff local union from being directed to aid, abet and assist in denying the individual plaintiffs their rights to hold union office (assuming, contrary to the present record, such direction and such rights were established) is not within any immunity granted by Section 101 of Title I of the Act, 29 U.S.C. § 411.

(iii) Under the "Bill of Rights" provisions of Section 101 of Title I of the Act, 29 U.S.C. § 411, "It is the union-member relationship, not the union-officer * * relationship, that is protected." (Sheridan v. United Brotherhood of Carpenters and Joiners of America, Local 626, 306 F.2d 152, 157 (3 Cir.1962); Jackson v. The Martin Company, 180 F. Supp. 475, 480 (D.Md.1960)); plaintiffs, asserting rights here as officers rather than as members, cannot avail themselves of the provisions of Section 101.

(iv) Plaintiffs having failed to establish any violation of any rights guaranteed or any immunity granted by Section 101 of Title I of the Act, 29 U.S.C. § 411, this Court does not have jurisdiction over the subject matter of the action pursuant to Section 102 of Title I of the Act, 29 U.S. C. § 412. (Calhoon v. Harvey,

379 U.S. 134, 138–139, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964)).

(v) The gravamen of plaintiffs' complaint is to test the validity of a local union election, whether from the viewpoint of sustaining an election already conducted or from the viewpoint of forestalling the conduct of a new election or from the viewpoint of challenging the result of a new election if and when conducted; whatever the posture of the attempt to test the validity of the local union election, plaintiffs' rights are specified in Section 401 of Title IV of the Act, 29 U.S.C. § 481, and the remedies for vindication of those rights are set forth in Section 402 of Title IV of the Act, 29 U.S.C. § 482. (Calhoon v. Harvey, supra, at 140–141; Robins v. Rarback, 325 F.2d 929, 930–931 (2 Cir. 1963), cert. denied, 379 U.S. 974, 85 S.Ct. 670, 13 L.Ed.2d 565 (1965); Mamula v. Local 1211, United Steel Workers of America, 205 F.Supp. 913, 915 (W.D. Pa. 1962); Cf. Jennings v. Carey, 57 L.R.R.M. 2635 (D.D.C. 1964)).

(vi) To the extent that plaintiffs' complaint may be construed as raising an issue of the propriety of challenging an election already conducted (regardless of who is the challenger), Section 403 of Title IV of the Act, 29 U.S.C. § 483, expressly states that "The remedy provided by this subchapter [Title IV] for challenging an election already conducted shall be exclusive." (Cf. Jennings v. Carey, supra, at 2641).

it is therefore

Ordered that defendants' motion to dismiss for lack of jurisdiction over the subject matter be, and the same hereby is, granted; and it is further

Ordered that the temporary restraining order, originally entered October 5, 1965 and extended on October 15, 1965 to October 25, 1965, be, and the same hereby is, dissolved; and it is further

Ordered that plaintiffs' motion for a preliminary injunction be, and the same hereby is, dismissed as moot.