**Paul J. SHERIDAN**

v.

**UNITED BROTHERHOOD OF CARPENTERS AND JOINERS, LOCAL 626.**

Civ. A. No. 2281.

United States District Court
D. Delaware.

June 5, 1961.

See also 191 F.Supp. 347.

Joseph T. Walsh, Wilmington, Del., for plaintiff.

Joseph Donald Craven, Wilmington, Del., for defendant.

STEEL, District Judge.

### Findings of Fact

1. Plaintiff, Paul J. Sheridan, is a member of defendant, United Brotherhood of Carpenters & Joiners of America—Local 626, an unincorporated association. Plaintiff seeks to be restored to the office of Business Agent of defend-ant from which plaintiff was removed on November 2, 1960, and also to recover payment of back wages and employment benefits which have accrued since November 2, 1960.

2. The defendant is a labor organization which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, and other terms or conditions of employment; and the members of the defendant are employed from time to time by employers engaged in an industry or industries affecting interstate commerce.

3. Plaintiff is a person who has rights secured by the provisions of Title I of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. § 401 et seq. The alleged violation of plaintiff's rights under the Act occurred in the District of Delaware.

4. Plaintiff is a member and, until his purported removal, was the Business Agent of defendant. Plaintiff was elected Business Agent of defendant on June 17, 1959 for a two-year term and retained that position until his removal. During that period plaintiff was, and now is, a member of defendant.

5. Under Article IV of the By-laws of the defendant, plaintiff, as Business Agent (Representative), was a member of the executive committee of defendant. As such, he was an officer of defendant. Section 3(n) of the Act; 29 U.S.C.A. § 402(n).

6. One of plaintiff's duties as Business Agent was to assign jobs to members who were out of work. A member of defendant could not obtain employment upon a job which was being worked by union members without being assigned to the job by plaintiff through the issuance of a referral slip.

7. On September 26, 1960 Richard Toy was the shop steward of defendant on a construction job on the Kirkwood Highway, New Castle County, Delaware. Knowing that a fellow union member, Burke, wanted to work on the project, Toy telephoned the plaintiff and asked that three carpenters, one of whom was

Burke, be assigned to the work. Plaintiff told Toy he would not assign Burke to the job because he had not been out of work long enough.

8. On September 27, 1960, Burke, knowing that Toy had requested plaintiff to assign him to the work, came to the union hall and asked plaintiff for a referral slip. Plaintiff refused to give him one. Plaintiff denied that Toy had asked for Burke and told Burke that the job had been filled. Despite the fact that Burke had been out of work for two weeks, and one Lloyd had been out of work only three days, plaintiff had designated Lloyd for the job.

9. Burke left the union hall, saw Toy and verified from him that he had asked plaintiff to put him (Burke) on the job. Burke then returned to the union hall where he found plaintiff drinking a cup of coffee. According to Burke, he grabbed plaintiff by the lapels and "pushed him pretty rough." Plaintiff said that Burke knocked him off his chair to the floor and badly bent or broke his glasses. Plaintiff did not retaliate. Burke's action was caused by the belief that plaintiff had prevented him from securing employment. Later in the same day plaintiff had Burke arrested; and on October 21, 1960 Burke was tried and convicted of assault in the Municipal Court of Wilmington.

10. On October 5, 1960, at a meeting of the defendant's membership, Burke preferred charges against plaintiff for having violated Secs. 43L and 56A of the Constitution and Laws of the United Brotherhood of Carpenters & Joiners of America, of which defendant is the local affiliate.

11. Sec. 43L reads:

"No member shall injure another member by undermining such member in prices or wages, nor commit any willful act by which the reputation of the member is injured or employment jeopardized."

12. Sec. 56A reads:

"A member must exhaust all resources allowed by the Constitution and Laws of the United Brotherhood before taking a case to the civil courts."

13. On November 2, 1960 at 6 p.m., a Trial Committee of defendant met and tried the plaintiff. Burke was the only witness to appear against plaintiff. The chairman of the Trial Committee had requested Toy, a witness to the charge under Sec. 43L, not to be present at the trial.

14. In support of Sec. 43L charge Burke made two contentions: first, that plaintiff had jeopardized his employment by keeping him off the job, and second, by having caused the Municipal Court action to be brought, plaintiff had injured his (Burke's) reputation so that he could not get a Civil Service or Government job. In support of the charge under Sec. 56A Burke contended that plaintiff had carried his grievance with Burke to the Municipal Court before exhausting all of the resources within the union provided by the Constitution of the United Brotherhood. Plaintiff read a prepared statement in which he defended himself against both charges.

15. On November 2, 1960 at 8 p.m., the Trial Committee reported to the meeting it had found plaintiff guilty of violating both Sec. 43L and Sec. 56A. Thereupon, the membership voted to remove the plaintiff from office as Business Agent. This penalty was imposed because of the two offenses and not with respect to either of the two offenses separately.

16. The removal of plaintiff from office was due in part at least to his having had Burke arrested and prosecuted in the Municipal Court. In taking this action against Burke, plaintiff did not act in his capacity as Business Agent, but exercised a right which any member possessed. Whether plaintiff was removed as Business Agent because of official misconduct in discriminating against Burke in making a job assignment cannot be ascertained from the evidence. The removal of plaintiff from office as Business Agent constituted disciplinary action

which was taken against plaintiff as a member of defendant.

17. Article V, Sec. 1, of the By-laws of the defendant reads:

"The term for Business Representatives shall be a minimum of two (2) years, unless because of negligence of duty or improper conduct he shall be recalled, * * *".

Sec. 32C of the Constitution and Laws of the United Brotherhood of Carpenters reads:

"Any officer or Business Representative may be removed after due trial upon charges preferred and sustained by a majority vote of the members present."

18. The grievance procedure provided for in Sec. 57 of the Constitution and Laws of the United Brotherhood granted to plaintiff the following appellate rights following his finding of guilt by the Trial Committee.

(1) An appeal to the General President within 30 days after the decision of the Trial Committee.

(2) An appeal to the Executive Board within 30 days of an adverse decision of the General President.

(3) A final appeal to the General Convention within 30 days of an adverse decision of the Executive Board. The General Convention meets every 4 years and, as was stated by the defendant at the argument on the preliminary injunction, its next meeting is in 1962.

19. On November 9, 1960 plaintiff, in accordance with requirements of Sec. 57D of the Constitution and Laws of the United Brotherhood, gave notice to the General President of his appeal from the action of the Trial Committee and sent a copy thereof to the defendant. The letter of November 9, 1960 to defendant which notified it of plaintiff's appeal called the attention of defendant to the requirements of Sec. 57E of the Constitution and Laws of the United Brotherhood which required defendant to send to the General President and to plaintiff a copy of the minutes and charges as presented at the trial, together with the answer to the appeal. Defendant failed to do these things. Plaintiff did not have his notice of appeal notarized.

20. On November 30, 1960 plaintiff conferred with Raleigh Rajoppi, a district representative of the national office of the United Brotherhood, and Rajoppi secured from plaintiff a complete file on the case including copies of correspondence and charges.

21. No decision on the appeal was ever rendered by the General President despite the fact that Sec. 57F of the Constitution and Laws of the United Brotherhood empowers the General President to decide an appeal on the papers before him, when a copy of the minutes, charges and answer of an appellee is not submitted.

22. Plaintiff has received no compensation from the defendant since his removal on November 2, 1960. Plaintiff has made no attempt to obtain other employment. There is no evidence that any position of a comparable kind, or indeed of any kind, was available to plaintiff. Defendant failed to introduce any evidence to show that the plaintiff could have mitigated the damages which he claims.

23. The present action was begun on January 4, 1961 when plaintiff was faced with a meeting of the members of defendant called for January 6, 1961 for the purpose of electing a temporary Business Agent to take over the office allegedly vacated by plaintiff's removal. A temporary restraining order against the holding of the election was issued on January 6, 1961, and a preliminary injunction was issued on February 22, 1961. Opinions on both motions are reported in Sheridan v. United Brotherhood of Carpenters, etc., D.C.D.Del.1961, 191 F. Supp. 347.

24. Plaintiff had sufficiently exhausted the hearing procedures provided in the Constitution and Laws of the United Brotherhood before instituting action.

### Conclusions of Law

A. The defendant is a labor organization within the meaning of § 3(i) of the

Act, 29 U.S.C.A. § 402(i) and is engaged in an industry affecting commerce within the meaning of § 3(j) of the Act, 29 U.S.C.A. § 402(j).

B. The Court has jurisdiction of the subject matter of this action under §§ 102 and 609 of the Act, 29 U.S.C.A. §§ 412 and 529.

C. In having Burke arrested and prosecuted in the Municipal Court plaintiff was exercising a right vouchsafed to him by § 101(a) (4) of the Act, 29 U.S.C.A. § 411(a) (4).

D. In disciplining plaintiff as a union member by removing him as Business Agent because he caused the Municipal Court action to be instituted against Burke, the defendant violated § 609 of the Act.

E. Plaintiff is entitled to a judgment for salary at the rate of $200 per week from November 2, 1960 to the expiration of his term of office on June 16, 1961. It is not appropriate to reinstate plaintiff as Business Agent.

■ F. Sec. 57 of the Constitution and Laws of the United Brotherhood pertaining to appeals and grievances did not require the notarization of the papers which plaintiff mailed to the General Office of the United Brotherhood and to the defendant to initiate his appeal.

G. The proviso of § 101(a) (4) of the Act is not a bar to plaintiff recovering in the action. See discussion Sheridan v. United Brotherhood of Carpenters, etc., D.C.D.Del.1961, 191 F.Supp. 347, 353–354 granting preliminary injunction.

H. The defendant had the burden of proving that plaintiff could have mitigated his damages and the extent to which he could have done so.

### Discussion

■ Section 101(a) (4) of the Labor-Management Reporting and Disclosure Act of 1959 prohibits a labor organization from limiting the right of a member to institute an action in any court, subject to a proviso not immediately pertinent. Section 609 makes it unlawful for a labor organization to fine, suspend, expel or otherwise discipline a member for exercising any right granted by the Act. Read together, §§ 101(a) (4) and 609 prohibit a labor organization from penalizing a member for judicially seeking to redress his rights. When a labor organization violates § 609, an aggrieved member, under § 102, can obtain relief in a federal court.

Defendant asserts that § 609 confers rights only on "members", that it has no application to "officers", and that when an officer has a complaint against a union for an infraction of §§ 101(a) (4) and 609 the federal court is without jurisdiction to grant him relief. Pronouncements to the effect that the Act was designed to regulate and govern the rights of union members *inter sese* and not the rights of unions *vis a vis* their officers, found in cases such as Strauss v. International Brotherhood of Teamsters, etc., D.C.E.D.Pa.1959, 179 F.Supp. 297; Jackson v. Martin Co., D.C.D.Md.1960, 180 F.Supp. 475, are cited for this view. Since plaintiff was removed as an officer of defendant and seeks redress for such removal, defendant argues that plaintiff is outside of the protection of § 609.

This contention was resolved against defendant in the opinion which granted a preliminary injunction, Sheridan v. United Brotherhood of Carpenters, etc., D.C.D.Del.1961, 191 F.Supp. 347, 351, 352–353. There it was pointed out that plaintiff's removal from office was not the result of any misfeasance in performing his function as Business Agent, but resulted solely from the fact that the plaintiff in a non-official capacity had caused Burke to be arrested. Additional facts, however, were brought to light for the first time at the trial which require some amplification of what was previously said.

The present controversy has its origin in the refusal of plaintiff, as Business Agent, to assign work to Burke which Burke felt he was entitled to have. Because of this, Burke assaulted plaintiff. Whereupon plaintiff had Burke arrested and his conviction in the Municipal Court followed.

Following his arrest, Burke preferred charges against plaintiff in the union for having violated Secs. 43L and 56A of the Constitution and Laws of the United Brotherhood, of which the defendant is the local affiliate. Sec. 56A makes it mandatory for a member to exhaust all resources allowed by the Constitution and Laws before taking a case to the civil courts.[1] Burke contended that plaintiff violated Sec. 56A when he had him (Burke) arrested without first seeking a resolution of the difficulty within the union. As to Sec. 43L, Burke made two contentions: first, plaintiff had jeopardized his employment by refusing to assign him work; and second, by having him arrested plaintiff had so injured his (Burke's) reputation that it will not be possible for him to get a Civil Service or Government job.

The Trial Committee found plaintiff guilty of having violated both sections. In holding that Sec. 43L had been violated, the Trial Committee gave no indication whether it was because of work assignment discrimination or Burke's arrest. The penalty imposed upon plaintiff—removal from office as Business Agent—was imposed because the finding by the Trial Committee that both Secs. 43L and 56A had been violated. The penalty was not related to one or the other of the two offenses separately.

Since plaintiff was found guilty of violating Sec. 56A for having had Burke arrested and this same event constituted a part of the Sec. 43L charge for which plaintiff was also adjudged guilty, it appears to a certainty that plaintiff's conviction and penalty stemmed, at least in part, from an action by plaintiff which in no way related to any official conduct as Business Agent. It is not possible to say with any assurance whether the Trial Committee also found plaintiff guilty of the other portion of the Sec. 43L charge which alleged that plaintiff had discriminated against Burke in refusing to assign work to him. Whether plaintiff was removed as Business Agent for that reason must remain a matter of conjecture. Yet the job discrimination charge was the only charge which had been made against plaintiff involving improper conduct as Business Agent.

When plaintiff had Burke arrested he was exercising a right which any member of the union had. He was not acting as Business Agent. Because of his action plaintiff was disciplined as a member and removed as Business Agent. This was clearly in derogation of §§ 101(a)(4) and 609; and when § 609 is read in conjunction with § 102, federal jurisdiction to grant plaintiff relief is clear.

Plaintiff seeks two-fold relief; back wages and employment benefits since November 2, 1960, and reinstatement as Business Agent.

Section 102 authorizes the Court to grant any relief that is "appropriate". It is a general rule that an employee is not ordinarily entitled to injunctive relief to prevent his employer from discharging him or to compel his reinstatement. An action at law for damages is normally deemed to be adequate. 28 Am.Jur. Injunctions § 109, p. 610; Annotation 1926, 44 A.L.R.; McMenamin v. Philadelphia Transp. Co., 1947, 356 Pa. 88, 51 A.2d 702. The rule would seem to have a particular application here. An untenable situation would be created if plaintiff were restored to office and the union membership were subjected to his decision in matters of importance when it did not want him. Internal bickerings and disagreements would almost certainly occur. This, coupled with the fact that only a week or so remains before plaintiff's term of office expires, makes it inappropriate to reinstate plaintiff as Business Agent.

The defendant contends that plaintiff failed to mitigate his damages by seeking another job after he had been removed as Business Agent, and therefore he is not entitled to any monetary relief. This defense was not pleaded.

1. In convicting Burke, the Municipal Court was exercising criminal jurisdiction, but nowhere have the parties made point of this fact.

Evidence that plaintiff had not sought other employment, however, was introduced by defendant without objection. Having been tried with the implied consent of the parties, the mitigation issue must be treated as if it had been raised in the pleadings. F.R.Civ.P. 15(b), 28 U.S.C.A.

When damages for breach of an employment contract are sought, a plaintiff is under a duty to attempt to mitigate the damages flowing from the breach. Canning v. Star Publishing Co., D.C.D.Del.1955, 130 F.Supp. 697. The law does not permit recovery for damages which reasonably could be avoided. 5 Corbin on Contracts § 1039 (1951). But defendant has the burden of proving to what extent plaintiff could have reduced the amount owed to him under his contract by obtaining employment of a kind and quality similar to that which he performed for defendant. Canning v. Star Publishing Co., supra; Detroit Graphite v. Hoover, 1 Cir., 1930, 41 F.2d 490; Williams v. National Organization, Masters, Mates & Pilots of America, Local 2, 1956, 384 Pa. 413, 120 A.2d 896; 5 Williston, Contracts § 1360 (Rev. Ed.1937); 134 A.L.R. 243 (Annotation 1941). Defendant has introduced no evidence to show that plaintiff could have mitigated his loss under the contract, or if he could, the amount by which he could have done so. It follows that the mitigation defense must fail.

Plaintiff is entitled to recover his full salary as Business Agent under his contract with defendant for the period November 2, 1960 until its termination on June 16, 1961. The parties have stipulated that plaintiff was contractually entitled to $200 per week. There is no evidence as to what plaintiff's lost employment benefits amount to.

The findings of fact and conclusions of law which have been formally stated herein shall be deemed to be supplemented by the statements contained in the foregoing discussion.

Let a judgment be prepared and submitted.