George BURTON, Plaintiff,

v.

INDEPENDENT PACKINGHOUSE WORKERS UNION, LOCAL NO. 12, and The National Brotherhood of Packinghouse Workers, Defendants.

No. KC-1594.

United States District Court D. Kansas.

Nov. 22, 1961.

Charles W. Thompson, Kansas City, Kan., for plaintiff.

Donald H. Corson and Donald H. Corson, Jr., Kansas City, Kan., for defendant Independent Packinghouse Workers Union Local No. 12.

Richard L. Bond and Stuart D. Mitchelson, Mission, Kan., for defendant National Brotherhood of Packinghouse Workers.

ARTHUR J. STANLEY, Jr., District Judge.

This is an action for violation of § 101 (a) (5) of the Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 411(a) (5), which has for its purpose the safeguarding of union membership against improper disciplinary action:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

Plaintiff alleges that he was removed from office as Division Representative of Local 12 without written notice of the charges against him, without a reasonable time to prepare a defense, and without a full and fair hearing.

The defendant, Independent Packinghouse Workers Union Local 12, hereinafter called the Local, has filed a motion to dismiss for lack of jurisdiction. It is the Local's position that § 101(a) (5) protects a union member against improper disciplinary action only in his capacity as a member and not in his capacity as an officer or employee of the union.

The two leading cases supporting the Local's position are Strauss v. International Bhd. of Teamsters, 179 F.Supp. 297 (E.D.Pa.1959) and Jackson v. Martin Co., 180 F.Supp. 475 (D.Md.1960). Both of these cases involved removal of a member from office for ineligibility to hold the office under 29 U.S.C.A. § 504 (conviction of certain crimes). Both cases held that § 101(a) (5) did not apply to members as officers, but only to members as members. However, these courts did not say that all removals from office were disciplinary actions against members as officers.

In the Strauss case, the court said: "Here the plaintiff is not being 'fined' or 'suspended' or 'expelled' as those words are used in § 101(a) (5), nor was his removal from office an act of discipline." [179 F.Supp. 300.] Speaking of the removal of plaintiff from office in the Jack-

son case, the court said [180 F.Supp. 480]: "Moreover, the action of the Executive Committee was not disciplinary action, but a finding that Plaintiff was disqualified to hold * * *" office by reason of criminal conviction.

In Sheridan v. United Bhd. of Carpenters, Local 626, 191 F.Supp. 347, 352, 353 (D.Del.1961), the court construed § 609 of the Labor-Management Reporting and Disclosure Act. The language in § 609 and § 101(a) (5) is nearly identical. The court felt that the restriction of the Strauss and Jackson cases, applying § 101(a) (5) only to members and not officers, should be followed in applying § 609.

The court then pointed out a distinction between being removed from office for misconduct as an officer on the one hand, and for misconduct as a member on the other. I believe the reasoning is applicable to § 101(a) (5). The rule, therefore, is that removal from office is discipline within § 101(a) (5) if the misconduct charged is that of a member rather than of an officer.

In the present case, the amended complaint alleges that "plaintiff was tried * * * on charges [of] malfeasance, misfeasance and nonfeasance in office * * *." The complaint shows that removal was discipline for misconduct of plaintiff as an officer and not subject to the safeguards of § 101(a) (5).

The plaintiff seeks to surmount the above cases in his contention that because he faced the possibility of fine, expulsion, or other disciplinary action, while before the Local's Board of Trial, § 101(a) (5) should apply. None of these possibilities occurred. Plaintiff cites, in support, Gross v. Kennedy, 183 F.Supp. 750, 755 (S.D.N.Y.1960) and Robertson v. Banana Handlers Ass'n, Local 1800, 183 F.Supp. 423 (E.D.La.1960). The Gross case is not in point. It held that removal of a member from his job is cognizable under § 101(a) (5). No misconduct as an officer was involved. The Robertson case concerned only retrospective application of the Labor-Management Reporting and Disclosure Act. The motion to dismiss will be granted.

Counsel will submit an appropriate order.