**John HAMILTON, Plaintiff,**

v.

**Matthew GUINAN, individually and as President and Ellis F. Van Riper, individually and as Secretary-Treasurer of the Transport Workers Union of Greater New York, Local 100, AFL–CIO; Michael J. Quill, individually and as President and Matthew Guinan, individually and as Treasurer of the Transport Workers Union of America, AFL–CIO, Defendants.**

United States District Court
S. D. New York.
Nov. 22, 1961.

Ralph P. Katz, Charles S. Phillips, New York City, for plaintiff.

O'Donnell & Schwartz, New York City, for defendants, John F. O'Donnell and Edith Lowenstein, New York City, of counsel.

METZNER, District Judge.

Plaintiff, Hamilton, is a member of defendant Transport Workers Union of America, AFL-CIO, and was, until July 15, 1960, the second vice-president of defendant Local 100. In June 1960 bus drivers of the Omnibus branch of Local 100 engaged in a wildcat strike, protesting the rearrangement of their seniority and employment rights necessitated by the order of the City of New York making Lexington and Third Avenues one-way. A committee of the Executive Board of Local 100 investigated the wildcat strike immediately after it ended, and suspended plaintiff from his office of vice-president pending a hearing by the Local Executive Board, on the ground:

> "that [he] failed to properly perform [his] duties and fulfill [his] responsibilities as a vice president of Local 100 in connection with the unauthorized and illegal work stoppage on the Omnibus lines of the Fifth Avenue Coach Company in violation of Article 20 of the Local By-Laws and in violation of Article 22 and 25 of the Constitution of the Transport Workers Union of America, AFL-CIO."

The Local Executive Board dismissed the plaintiff from office. Hamilton appealed to the International Executive Council, which affirmed the decision of the Local Board. He thereafter appealed to the Eleventh Constitutional Convention of the TWU, which rejected his appeal on October 6, 1961.

The biannual election of Local 100 is to be held in December 1961. Plaintiff wishes to run for office, but apparently

considers that he will be unable to run, or, if elected, to serve, because of article XIV, section 15, of the constitution of the TWU, which states:

"No member who shall have been duly found guilty of any violation of any provision of this Constitution or of any by-laws, rules or regulations adopted by the Local Union of which he is a member * * * shall be eligible for election as an International Officer of the Transport Workers Union of America or as a delegate to the International Convention thereof, or as an officer of any section, branch or Local thereof, until such time as the International Convention * * * shall declare him to be eligible."

In order to remove this disability, plaintiff sues to enjoin enforcement of the decision of the union removing him from office, for reinstatement in office, and for damages. He claims that he was "disciplined" in violation of 29 U.S.C.A. § 411(a) (5). This section states:

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

Jurisdiction of this claim is asserted under 29 U.S.C.A. § 412, which provides that:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

Defendants move to dismiss on the ground that this court lacks jurisdiction of the claim since the discipline was imposed on Hamilton as an officer of the union, and section 411(a) (5) applies only to discipline imposed on members as members. Both parties also move for summary judgment.

Defendants' contention is correct that section 411(a) (5) does not apply to discipline imposed on officers of unions for dereliction in their duties as officers. The legislative history clearly supports this conclusion. For example, in Conference Report No. 1147, the Statement of the Managers on the Part of the House said of section 411(a) (5):

"it should be noted that the prohibition on suspension without observing certain safeguards applies only to suspension of membership in the union; it does not refer to suspension of a member's status as an officer in the union." 86th Cong., 1st Sess., 1959–2 U.S.Code Cong. & Ad. News 2504.

In the Senate debate on the statute, Senator Kennedy, a member of the committee, stated:

"The so-called bill of rights title also secures important procedural safeguards against improper disciplinary action against union members as members. The Senate should note, however, that all the conferees agreed that this provision does not relate to suspension or removal from a union office. Often this step must be taken summarily to prevent dissipation or misappropriation of funds. In practice it is usually followed by a hearing." 105 Cong.Rec. 17899 (1959).

Further, although no prior case has squarely presented this question, dicta and the decisions in the cases heretofore decided under section 411(a) (5) support this interpretation of the section. In Strauss v. International Broth. of Teamsters, etc., 179 F.Supp. 297 (E.D.Pa. 1959), plaintiff had been removed as business agent of the local union because he had been discharged from parole in 1956 and the union considered that this situation came within the provisions of 29 U.S.C.A. § 504, which prohibit persons who have been imprisoned for certain of-

fenses from serving as business agent of a union within five years of the end of their imprisonment. Suit was brought alleging a violation of section 411(a) (5). The court dismissed the suit for want of jurisdiction, on the ground that section 411(a) (5) deals with "the *membership in general* and their relationship, *as members*, with their union." 179 F.Supp. at 300. Jackson v. Martin Co., 180 F.Supp. 475 (D.Md.1960), involved similar facts. The court found that the member, who had been removed from office allegedly without the hearing required by section 411(a) (5) and consequently dismissed by the employer, had not been deprived of any rights that he enjoyed as a member of the union. He was removed from office because he was found to be ineligible to hold office, and not because he exercised any right secured to him as a member of the union.

On the other hand, Sheridan v. United Broth. of Carpenters and Joiners, Local 626, 191 F.Supp. 347 (D.Del.1961), involved the discipline of removal from office of an officer, for exercising a right secured to him as a member of the union. 29 U.S.C.A. § 411(a) (4) provides that "[n]o labor organization shall limit the right of any member thereof to institute an action in any court * * *." The union removed plaintiff from office because he had sued another member of the union for assault and battery. Section 411(a) (5) was held applicable because the disciplinary action specifically violated the statute.

Plaintiff argues that the discipline imposed on an officer of a union as an officer must be limited to actions affecting his office, including removal from office, but that discipline which includes disability to stand for election to office in the future is imposed on him as a member and thus is subject to the limitations of section 411(a) (5). Therefore, he argues, application to him of article XIV, section 15, of the union constitution is illegal, since he has not "duly" been found guilty under section 411(a) (5). However, nothing in the statute or legislative history supports this argument. Furthermore,

Hamilton was adjudged to have failed to perform his duties as vice-president properly, and thus to have violated the constitution and by-laws of the union. The ineligibility is a direct consequence of his violation of the rules of the union as an officer, and is part of the punishment imposed on him for his dereliction in duty.

Section 411(a), which is popularly referred to as a "bill of rights of union members," does not include a specific guarantee of the right to stand for office. Subchapter V of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. §§ 481–83, dealing with elections of officers generally (§ 481(e)), provides that members in good standing have a right to run for office. However, redress for violation of this provision is by complaint to the Secretary of Labor.

The recent cases of Salzhandler v. Caputo, 4 CCH Lab.L.Rep. (43 Lab.Cas.) ¶ 17139 (S.D.N.Y. Aug. 3, 1961), and Rosen v. District Council 9, 198 F.Supp. 46, 4 CCH Lab.L.Rep. (43 Lab.Cas.) ¶ 17074 (S.D.N.Y. June 8, 1961), do not support plaintiff's position. In Salzhandler, the court denied a preliminary injunction on the ground that plaintiff had not shown that there was a reasonable probability that he would ultimately succeed in the action, since he had not exhausted his internal remedies and had not shown that the hearing was unfair. The court did not discuss the issue of jurisdiction under sections 411(a) (5) and 412, but since the discipline was imposed on plaintiff in part for acts taken as a member of the union, jurisdiction apparently would lie under section 412.

In Rosen, plaintiff had been found by the union to have associated with the Communist Party in violation of the union constitution, and was prohibited from participating in union activities and from being a candidate for office in the local or district council for five years. There was no indication that he had ever been an officer of the union. A temporary injunction against interference with his right to run for office was denied. The court found that plaintiff had been given

a full and fair hearing, in accordance with provisions in the union rules and with section 411(a) (5). The court did not discuss the issue of jurisdiction, but it is apparent that plaintiff had been disciplined for action he took as a member of the union, and thus sections 411(a) (5) and 412 were clearly applicable.

█ This court does not have jurisdiction of the subject matter of this action, and the complaint must be dismissed.

So ordered.