Nicholas MAMULA, Plaintiff,

v.

LOCAL 1211, UNITED STEELWORKERS OF AMERICA and Louis E. Biega, Vice-President and Louis DeSena, Financial Secretary, Michael J. Zarorsky, Recording Secretary, and Dominic Iacabucci, Treasurer, and United Steelworkers of America, an International Union, Defendants.

Civ. A. No. 61531.

United States District Court
W. D. Pennsylvania.

Feb. 15, 1962.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

Wilner, Wilner & Kuhn, Pittsburgh, Pa., for defendants.

GOURLEY, Chief Judge.

In this proceeding arising under the provisions of the Landrum-Griffin Act, defendants' motion for summary judgment poses two questions which require the Court's determination:

1. Whether, under the Landrum-Griffin Act, jurisdiction exists in the Federal District Court to review the removal from office of a local union officer for actions taken by him as a union officer.

2. Whether, under the Landrum-Griffin Act, jurisdiction exists in the Federal District Court to review the action of an international union in deciding that, because of misconduct in office for which a local union officer has been removed, such officer shall be disqualified from holding any further union office for a period of five years from the date of his removal.

**HISTORY**

Plaintiff was, prior to July 20, 1961, the President of Local Union 1211. On February 16, 1961, charges were submitted to the Local Union by a local union official, accusing plaintiff of alleged instances of misconduct as an officer and member of the union.

A trial committee, after hearing the charges, recommended that plaintiff be removed from office, fined $2,000.00 and suspended from membership in the union until the fine was paid, which recommendations were ratified by a membership meeting of Local Union 1211 on July 20, 1961.

After the plaintiff had filed an appeal with the International Executive Board on August 14, 1961, Local 1211 scheduled an election to fill the vacancy created by the removal of the plaintiff from office.

At this juncture plaintiff filed the instant law suit, alleging that the procedures used by the local union in reaching its decision are contrary to law, in particular Sec. 101(a) (5) of the Landrum-Griffin Act, 29 U.S.C.A. § 411(a) (5), and asks that the decision be set aside.

In addition, plaintiff sought a preliminary injunction against the holding of an election to fill the vacancy. On September 15, 1961, the parties stipulated that the election could proceed but that if plaintiff were successful on his appeal within the union, or in this action, the results of the election would be vacated and plaintiff would be returned to office.

On January 10, 1962, the International Executive Board reversed the local union's imposition of a fine and suspension. It further ruled that the plaintiff be barred from holding office in the union for five years, except that upon a showing that he had cleansed himself, such five-year period could be reduced and that subsequent thereto he would be required as a condition for running for office, to restore $1,087.00 to the local's treasury which had allegedly been improperly wasted through misconduct as an officer.

In this connection it is noteworthy that an associate member of this Court rendered an opinion on October 11, 1961, which concluded that the instant plaintiff was denied rights guaranteed him under the Landrum-Griffin Act in his candidacy for the office of District Director by reason of the absence of any provision in the Steelworkers' Constitution governing the conduct of the nomination and election procedures for international officers. Mamula, Plaintiff, v. United Steelworkers of American, an unincorporated Labor Union and I. W. Abel, International Secretary-Treasurer thereof, Defendants, Civil Action No. 61–1, D.C., 198 F.Supp. 652.

It would appear, based upon the actions of the International Union, that denying plaintiff the opportunity to run for public office for a period of five years would, in effect, thwart the purposes and objectives enunciated in the opinion of an associate member of this Court, assuming of course that his views are affirmed by the United States Court of Appeals for the Third Circuit. For the action of the International Union, even though required to comply with the provisions of the Landrum-Griffin Act as they relate to nomination and election of officers, would deny the plaintiff the opportunity of taking office for a period of five years, even though nominated and elected.

## I—JURISDICTION AS TO UNION OFFICER

■ I am constrained to conclude that the procedural safeguards established by the Landrum-Griffin Act as prerequisites to disciplining of members do not apply to removing officers from union office.[1] By its terms, the applicable section adverts only to when a *member* has been "fined, suspended, expelled, or otherwise disciplined." It does not refer to removal based upon an *officer's* misconduct in office. (Emphasis supplied)

Both the legislative history[2] and the courts have given credence to this view, Strauss v. International Broth. of Teamsters, etc., D.C., 179 F.Supp. 297; Jackson v. Martin Company, D.C., 180 F.Supp. 475; Hamilton v. Guinan, D.C., 199 F. Supp. 562, 49 L.R.R.M. 2356; Kelly v. Streho, D.C., 47 L.R.R.M. 2609; Burton v. Packinghouse Workers, D.C., 199 F. Supp. 138, 49 L.R.R.M. 2122.

I must therefore conclude that the Landrum-Griffin Act deals with the union-member relationship and in no way supports jurisdiction of a suit involving the union-officer relationship.

## II—JURISDICTION AS TO SUBSEQUENT RESTRICTION TO HOLDING OFFICE

■■ I do not accept the thesis, however, that the lack of jurisdiction of this Court under the provisions of the Lan-

1. Section 101(a) (5) of the Landrum-Griffin Act provides: "No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C.A. § 411(a) (5).

2. In the Conference Report, which accompanied the bill in its final form, this was made explicit:
 " * * * In paragraph (5), relating to safeguards against improper disciplinary action, it should be noted that the prohibition on suspension without observing certain safeguards applies only to suspension of membership in the un-

ion; it does not refer to suspension of a member's status as an officer in the union." Conference Rep. No. 1147, 86th Cong., 1st Sess. (1959), U.S.Code Cong. and Administrative News 1959, p. 2504. And Senator Kennedy, who had been the Senate's principal spokesman in the conference with the House, confirmed this interpretation in reporting the results of the conference to the Senate:
 "The so-called bill of rights title also secures important procedural safeguards against improper disciplinary action against union members *as members*. The Senate should note, however, that all the conferees agreed that this provision does not relate to suspension or removal from a union office . . . ." 105 Cong.Rec. 17899 (1959) (Emphasis supplied).

drum-Griffin Act for an action of removal of a union officer carries over to the restrictive condition that such person be barred from holding office for a period subsequent to his removal. It would follow as a logical syllogism that the removal of an officer from his union position would relegate him to the stature of a union member which would entitle him to the protective safeguards under the Landrum-Griffin Act of a union member. To bar a union member from holding office if nominated and elected is an unequivocal interference with rights of a union member which must invoke the provisions of the Act as they relate to union members.

Counsel for the defendants do not deny the right of plaintiff as a union member to seek office, to be nominated and elected, but contend that once elected he can be denied the right to hold office. Such superficial reasoning, in my judgment, is a sham and would have the plaintiff in his capacity as a union member do a vain thing, which is a violation of the purport and tenor of the Act. 29 U.S.C.A. § 411(a) (5).

Defendants rely on Hamilton v. Guinan, D.C., 199 F.Supp. 562, 49 L.R.R.N. 2356, to support the authority to deny office subsequent to an officer's removal for any extended period of time. I reject this view, believing as I do that such restriction can not be imposed arbitrarily and capriciously and must conform to the requirements of 29 U.S.C.A. § 411(a) (5).

■ The law is clear that one who moves for summary judgment has the burden of demonstrating that there is no genuine issue of fact to be gleaned from the pleadings, depositions, admissions on file and affidavits. Documents filed in support of motion for summary judgment are to be used to determine whether issues of fact exist, not to decide the fact issues themselves. Krieger v. Ownership Corp., 270 F.2d 265, 3rd Cir.

■ I am satisfied that a factual dispute exists as to whether plaintiff's denial of the right to hold union office for a period of five years from the date of his removal from office was arbitrarily and capriciously imposed in violation of 29 U.S.C.A. § 411(a) (5), and as it relates to this phase of the proceeding, defendants' motion for summary judgment will be refused.

■ By reason of the urgency of the question posed, involving a controlling question of law as to which there is substantial ground for difference of opinion, it is my judgment that an immediate appeal from the order to be entered may materially advance the ultimate termination of the litigation and I shall accordingly so certify pursuant to 28 U.S.C.A. § 1292(b); Milbert v. Bison Laboratories, 260 F.2d 431, 3rd Cir.

An appropriate order is entered.