Arthur VARS, Sr.,

v.

**INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS.**

Civ. No. 9044.

United States District Court
D. Connecticut.

March 10, 1962.

See also 204 F.Supp. 245.

Smeraldi & Shafner by Angelo J. Smeraldi, New London, Conn., for plaintiff.

Conway, Horwitz & Tamborra, by J. Patricia Smith, Norwich, Conn., for defendant.

BLUMENFELD, District Judge.

The plaintiff Arthur Vars, Sr., after being summarily removed from the office of President of Local 614, was subsequently expelled from union membership after a hearing at which three charges against him were found to be true.

The first of these charges was laid within the defendant's Constitution, Article XXI, Section 1(f), "mishandling, misappropriating or otherwise misusing union funds or properties." The second charge was laid within Article XXIII, Section 1, "All religious and partisan political discussions shall be strictly pro-

hibited and excluded from the proceedings of the International Brotherhood and its subordinate bodies." These first two charges related to his conduct as an officer of the local.

The third charge was brought against him for conduct after he was removed from the presidency and was based upon the dissemination of statements of a prohibited character concerning officers of the union in violation of Article XXI, Section 1(i).

The defendant, in the exercise of disciplinary power over the plaintiff for commission of constitutionally defined offenses, imposed the constitutionally permitted penalty which not only removed him from office, but also expelled him from membership. Vars now seeks reinstatement to his office and also to membership, alleging that the penalties were imposed upon him in violation of the provisions of the defendant's Constitution and also in violation of applicable federal statutes. Jurisdiction of this court is invoked under The Labor-Management Reporting and Disclosure Act, 29 U.S.C.A. § 412, which provides:

"Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located."

In urging this court to reinstate him to membership, the principal issue which emerges is whether the plaintiff is entitled to the protection of the statutory due process provided in 29 U.S.C.A. § 411(a) (5):

"No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such

organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing."

The defendant has moved to dismiss on the ground that this court lacks jurisdiction over the subject matter. It contends that this court has no jurisdiction under § 411(a) (5) over disciplinary actions by unions against its officers for misconduct in their official capacity. There is no problem in deciding that the statute is of no aid to the plaintiff in seeking restoration to his status as an officer. It is clearly established that 29 U.S.C.A. § 411 was not intended to protect officers from removal from office. President Kennedy (then Senator Kennedy) pointed out:

"The so-called Bill of Rights secures important procedural safeguards against improper disciplinary action against union members *as members*. The Senate should note, however, that all the conferees agreed that this provision does not relate to suspension or removal *from union office*. Often this step must be summarily taken to prevent dissipation or misappropriation of funds." Cong.Record, 86th Cong., 1st Sess., p. 16,415.

Similarly it has been stated:

" * * * it should be noted that the prohibition on suspension without observing certain safeguards applies only to *suspension of membership in the union;* it does not refer to suspension of a member's status as an officer in the union." Conference Report No. 1147, 2 U.S.Cong. & Admin. News, 1959, pp. 2503, 2504.

The trend of decisional authority is in accord. Hamilton v. Guinan, D.C.S.D.N. Y., 1961, 199 F.Supp. 562; Jackson v. The Martin Company, D.C.Md., 1960, 180 F.Supp. 475; Strauss v. International Brotherhood of Teamsters, etc., D.C.E.D. Pa., 1959, 179 F.Supp. 297.

The penalties imposed upon the plaintiff not only suspended him from office; he was also expelled from membership. Whether, in order to don the robes of office, a member must shed the armor of protection which the statute affords to a member, qua member, has not yet been answered. There is no need to labor the answer. The reading of the legislative history established only that the safeguards to the rank and file members were not intended to extend to protection against "suspension or removal from union office." There is no legislative history to indicate that members who are officers were to be completely excepted from the Act, as a separate or special class. Protection of membership rights of officers is not excluded by express provision, nor does the nature of the case present any incompatibility in affording protection to that extent. The arbitrary use of the discipline power to expel from membership is as much an evil when exercised against a member, whether he holds office or not.

 To the extent that this case is concerned with membership rights, as distinguished from officers' rights, jurisdiction of this court over the subject matter is affirmed. At this stage of the case, it is not necessary to determine whether there is a sufficiently substantive propriety to the charges when measured against the limited statutory standards which have been set forth in other provisions of the Labor-Management Act. Cf. Sheridan v. United Brotherhood of Carpenters and Joiners Local 626, D.C. Del., 1961, 191 F.Supp. 347, adhered to, D.C., 194 F.Supp. 664.

The motion to dismiss is denied.

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has also filed a motion for a preliminary injunction requesting the court to immediately reinstate the plaintiff as a member in good standing in the local, pending adjudication of the issue of whether the union action in depriving him of membership was proper.

Vars' motion is accompanied by his affidavit which sets forth his claim of irreparable damage:

1. He will be denied the right to receive death and disability benefits.

2. He will be denied the protection of his interests by the Shop Committee including his grievances.

3. He will not be entitled to strike benefits.

4. He will be ineligible to nominate, be nominated, and vote for officers of his local lodge.

5. He will continue to be denied the right to access to the local lodge offices, records, files and other union property.

6. He will continue to be under a disability to file charges for constitutional violations against other members of the defendant International.

7. He will continue to be subject to contempt, ridicule and rumor concerning his integrity, character and motives.

■ To merit an order of immediate reinstatement as a member, the plaintiff must satisfy a dual burden. First, he must show that irreparable injury will result if he is denied this relief; and second, he must show that there is a reasonable probability that he will succeed in this action. Christian Dior, Inc. v. Alexander's Department Stores, Inc., 2 Cir., 1962, 299 F.2d 33; Salzhandler v. Caputo, D.C.S.D.N.Y., 1961, 199 F.Supp. 554, 556; Gillette Company v. Ed Pinaud, Inc., D.C.S.D.N.Y., 1959, 178 F.Supp. 618, 623. And see: Hamilton v. Guinan (supra) 199 F.Supp. at p. 565.

First, as to plaintiff's claims of irreparable injury:

■ 1. *Denial of death and disability benefits:* It appears from the affidavit of Homer Parrish that these insurance rights will be reinstated, retroactive to the date of expulsion, if the plaintiff suceeds in this action. Should the contingency upon which they became payable occur, these benefits are payable in specified dollar amounts. Salzhandler v. Caputo (supra) 199 F.Supp. at p. 557;

Sheridan v. United Brotherhood of Carpenters and Joiners Local 626 (supra) at 194 F.Supp. p. 669.

■ 2. *Denial of protection for grievances:* The affidavit of John Weimer establishes that a nonunion employee, such as Vars has become, is represented by the Metal Trades Council and that such representation includes presentation of grievances. Furthermore, he may secure the protection of those rights by tendering his dues under 29 U.S.C.A. § 158(a) (3) (ii) (B), § 158(b) (2).

■ 3. *Denial of strike benefits:* There does not appear to be any immediate danger of such a loss. In any event, money damages would provide adequate compensation.

■ 4. *Ineligibility to nominate, be nominated or to vote:* No elections are contemplated at this time. Furthermore, the court has no jurisdiction to protect any right which the plaintiff might have to be nominated. Hamilton v. Guinan (supra); Johnson v. San Diego Waiters &.Bartenders Union, Local 500, D.C.S.D. Cal.S.D., 1961, 190 F.Supp. 444.

■ 5. *Denial of access to books, etc.:* The court is satisfied that denial of this right will not result in any substantial harm to the plaintiff.

■ 6. *Denial of right to file charges, etc.:* His interests qua member in this respect will be protected by the individual or collective action of the more than one thousand members in good standing in the local.

■ 7. *Continued contempt, ridicule and humiliation:* The court is not persuaded that an injunction will in any way change the opinions of the members of the local.

The facts as thus determined are not sufficient to establish a need for present injunctive relief. The court does not find that the plaintiff has made a sufficient showing of irreparable injury to warrant a preliminary injunction. Salzhandler v. Caputo (supra) 199 F.Supp. at p. 557.

In addition, the plaintiff has not met his second requirement of proof, i. e. that there is a reasonable probability that he will succeed in this action. His claim of denial of a fair hearing presents a factual issue which is sharply disputed by the defendant. Plaintiff has submitted no evidence to the court upon this point. Christian Dior, Inc. v. Alexander's Department Stores, Inc. (supra).

The plaintiff's motion for a temporary injunction is denied.