**George LOCKETT and Leonard Pierce, Plaintiffs,**

**v.**

**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 19 AFL–CIO, Defendant.**

**No. 84 C 10699.**

United States District Court, N.D. Illinois, E.D.

May 9, 1985.

Murray Wolley, Chicago, Ill., for plaintiff.

Michael B. Erp/Irving M. Friedman/Stanley Eisenstein, Katz, Friedman, Schur & Eagle, Chicago, Ill., for defendant.

**MEMORANDUM ORDER**

ASPEN, District Judge:

Defendant's motion for judgment on the pleadings is granted.

Plaintiffs essentially complain that their removal from union offices and disqualification from eligibility to run for union office for two years constitutes improper disciplinary action under 29 U.S.C. § 411(a)(5).[1] It is clear, however, that section 411 "refers only to union members—not officers—and that it protects members of a labor organization *qua* members but has no application to officers of the union *qua* officers." *Lux v. Blackman*, 546 F.2d 713, 716 (7th Cir.1976); *see also Airline Stewards and Stewardesses Ass'n v. Transport Workers Union*, 334 F.2d 805

---

**1.** Plaintiffs also complain of fines and benefit overpayments assessed against them. However, the decision to fine plaintiffs and order them to pay back fringe benefit monies was reversed by the Great Lakes District Executive Board, which heard plaintiffs' internal union appeals.

(7th Cir.1964), *cert. denied,* 379 U.S. 972, 85 S.Ct. 648, 13 L.Ed.2d 563 (1965). The Supreme Court recently noted that Congress specifically intended *not* to protect a member's status as a union employee or officer. In *Finnegan v. Leu,* 456 U.S. 431, 102 S.Ct. 1867, 72 L.Ed.2d 239 (1982), the Court discussed the legislative history of section 411:

> The Conference Report accompanying S. 1555 as finally enacted, H.R.Rep. 1147, 86th Cong., 1st Sess. 31 (1959), I Leg. Hist. 935, explains that this "prohibition on suspension without observing certain safeguards applies only to suspension of membership in the union; *it does not refer to suspension of a member's status as an officer of the union* " (emphasis added).

*Id.,* 456 U.S. at 438, 102 S.Ct. at 1871. Thus, members of a union may be removed summarily from union office. *Lux,* 546 F.2d at 716.[2]

Plaintiffs concede that Pierce, who was Vice President of Local 19, was an officer. However, they argue that Lockett was not a union officer because he served as steward and trustee of the welfare and pension funds, two positions not specifically named in Article VII, Section 1 of Local 19's by-laws.[3] This argument is unconvincing. The enumeration of officers in the by-laws is obviously not intended to be all-inclusive, as Article VII, Section 1 goes on to provide that "[t]he executive board, with the consent of the membership, shall appoint or hire *additional employees or officers* for such periods as may be deemed advisable." We therefore find that Lockett *was* an officer in the union, at least insofar as status as an officer is distinguished from status as a union member for purposes of section 411. *See Cehaich v. International Union, U.A.W.,* 710 F.2d 234 (6th Cir.1983) (benefits representative was a union officer without a § 411 cause of action for summary dismissal).

Plaintiffs likewise have no claim under section 411 arising from their two year disqualification from running for union offices. Ineligibility from running for or holding office—like removal from an office already held—does nothing to suspend membership in the union, which is the sole object of section 411's protection. *Finnegan,* 456 U.S. at 438, 102 S.Ct. at 1871. Thus, plaintiffs' disqualification is not a disciplinary action governed by section 411.[4]

Accordingly, defendant's motion for judgment on the pleadings is granted. It is so ordered.

---

**2.** Plaintiffs incorrectly try to distinguish *Lux* from this case by claiming that it involved the removal of a union president. In fact, the *Lux* plaintiffs were removed *by the president* from their positions on the Milwaukee Labor Council and their local's Nominating and Legislative Committees.

**3.** The by-laws expressly mention the offices of president, vice-president, recording secretary, financial secretary, business agent, trustee, sergeant at arms and executive board member at large.

**4.** Plaintiffs inexplicably place considerable reliance on footnote 11 of the *Finnegan* decision. We find the footnote inapplicable to this case and simply observe that rather than creating an "exception" to the Supreme Court's holding, the footnote merely identified a question left open by the opinion.